UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JESSICA STRODE, | : |
| Plaintiff, | |
| | : COMPLAINT FOR INJUNCTIVE |
| v. |   RELIEF, DECLARATORY |
| | : JUDGMENT, DAMAGES |
| CITY OF SEVIERVILLE, |   COSTS, AND ATTORNEY FEES |
| TENNESSEE | : |
| Defendant. | : |

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

2. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367, as the state law claims form part of the same case or controversy.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because all relevant events occurred in Sevier County, Tennessee, within this District.

## II. PARTIES

5. Plaintiff Jessica Strode is a Tennessee resident, a citizen of the United

States and qualified applicant for a retail package store certificate of compliance, residing in Sevier County, Tennessee.

6. Defendant City of Sevierville is a Tennessee municipal corporation acting under color of state law. It may be served pursuant to Fed. R. Civ. P. 4(j)(2).

## III. FACTUAL ALLEGATIONS

### A. The Ordinance

7. In October 2023, the City enacted Ordinance No. O-2023-015, codified at Title 8, Chapter 3 of the Sevierville Municipal Code, authorizing a limited number of retail package stores in designated zones.

8. A true copy of the Ordinance is attached as Exhibit 1.

9. The Ordinance establishes mandatory, nondiscretionary requirements, including:

(a) § 8-315(3)(b), which provides that a certificate of compliance may be issued only after the Board approves a specific location as suitable; and

(b) § 8-315(4), which provides that a certificate holder must open within twelve (12) months unless a Board extension is granted, and that failure results in automatic revocation.

10. The Ordinance contains no provision permitting retroactive cures, post-expiration ownership fixes, or informal extensions.

### B. The Application Process

11.  Five applicants applied for a certificate in the relevant zone, each paying the required application fee. Plaintiff Strode, after a lottery drawing to determine order, was designated Applicant No. 5.

12.  Applicants Nos. 2, 3, and 4 were disqualified by the City for distance and zoning violations, leaving Plaintiff as the only remaining qualified applicant other than Applicant No. 1, a fact she discovered in October 2025 from an email from a City Administrator, a true copy of which is attached as Exhibit 2.

**C. Applicant No. 1's Conditional and Expiring Site Control**

13. Applicant No. 1 (KARS, LLC d/b/a The Bottle Shop) did not own its proposed site at 750 Dolly Parton Parkway.

14.  Applicant No. 1's interest consisted solely of: a ground lease with a conditional option to purchase expiring April 1, 2024. A copy of the lease and option to purchase is attached as Exhibit 3.

15. The option required closing to vest any ownership interest and expired by its own terms without closing.

16.  Applicant No. 1 admitted in *KARS, LLC v. Ogle, Sevier County Chancery Court No*. 24-5-106, that the option expired on April 1, 2024, although it claimed equitable (not legal) interests based on various theories. See paragraph 53 of Exhibit 4, a true copy of relevant excerpts of the referenced Complaint.

### D. The City's Knowledge and Public Records

17. On February 16, 2024, Applicant No. 1 recorded a Memorandum of Leased Premises identifying Whaley Property, Inc. as owner, and Applicant No. 1 as tenant only, a true copy of which is attached hereto as Exhibit 5.

18. The City responded to a FOIA request made on November 11, 2025 with documents establishing that: a) Applicant No. 1's sworn application never disclosed loss of site control; b) No amended application was required by the City after expiration of the Option; c) Applicant No. 1 failed to notify the City of the expiration of its option or of the fact that it had filed suit, and failed to make the City a party to its lawsuit in Chancery Court referenced above.

19. The City issued a Certificate of Compliance on January 12, 2024, certifying compliance with all local requirements, but failing to note the need for the Option to be exercised. See Exhibit 6.

20. The twelve-month statutory period to open the store expired January 12, 2025, without a liquor store opening or a lawful formal extension (as Applicant No. 1 failed to reveal that the Option had not been timely exercised on April 1, 2024, and as the City failed to ensure that Applicant 1 had legal control of the property in accordance with the statutory requirement).

### E. Post-Expiration Favoritism

21. After expiration of the Option without exercise, and after the statutory period for opening had already expired, Applicant No. 1 sought informal agenda placement and an extension request dated July 11, 2025 without informing the City of the dispute regarding exercise of the Option.

22. The City entertained this request despite the Ordinance's mandatory revocation language. See Exhibit 7.

23. No comparable accommodation was afforded to Plaintiff Strode. She was not timely informed that she was the next qualified applicant. She was not informed that the City was violating the terms of its own ordinance to give preferential treatment to applicant No. 1.

24. Once Plaintiff learned of the City's noncompliance, she reasonably believed the City would correct its error once it was informed of the error.

25. In reliance on the Ordinance and the City's clear duty to award her the liquor store license as the next qualified applicant, Plaintiff: a. Completed two liquor-store management courses; b. Formed a Tennessee limited liability company, for the purpose of owning and operating the retail package store under her license; c. Solicited signage modification quotes; d. Interviewed prospective employees; e. Directed the construction company that had submitted her original site plans to convert *"The Gym"* bar into a compliant package store to propose amendments to improve access, storage, and retail operations for later submission.

26. Based on the facts, Plaintiff Strode's steps were foreseeable, reasonable, and undertaken before the City rejected her position.

**G. Pre-Suit Demand and Final Decision**

27. On October 27, 2025, Plaintiff, though counsel, formally demanded the City's enforcement of the Ordinance. A true copy of such demand is attached as Exhibit 8.

28. On November 19, 2025, City counsel refused the request, declined to investigate Plaintiff's claims, and asserted, without documentation that Applicant No. 1 properly had legal control over its property at relevant times, that the City would "vigorously defend" against Plaintiff's meritorious claims. A true copy of the response is attached as Exhibit 9.

29. This refusal contained in Exhibit 9 constituted a final municipal decision, as the City Attorney was clearly empowered to speak for the City.

**CAUSES OF ACTION**

**COUNT I – Violation of Plaintiff's Substantive Due Process Rights (42 U.S.C. § 1983)**

30. Plaintiff realleges paragraphs 1-29 as if fully rewritten herein.

31. Plaintiff had a legitimate claim of entitlement created by state law under Ordinance O-2023-015 as an applicant who paid her money and submitted a proper application to open a liquor store.

32. The Ordinance removes discretion once its objective conditions are met. Upon the disqualification of Applicants Nos. 2–4 and the mandatory lapse of Applicant No. 1's certificate, Plaintiff possessed a legitimate claim of entitlement to be considered and approved in accordance with the Ordinance's ministerial requirements, not a unilateral expectation.

33. The City arbitrarily and capriciously: a) failed to ensure that Applicant No. 1 (who was the only qualified applicant ahead of her in the lottery) had continuing legal control of the premises during the application period; b) Ignored its duty of mandatory revocation; c) Excused expired site control; d) Favored Applicant No. 1 post-deadline over No. 5, who now was the only qualified applicant.

34. This conduct was arbitrary, capricious, and conscience-shocking, violating the Fourteenth Amendment and entitling the Plaintiff to relief.

## COUNT II – Violation of Plaintiff's Procedural Due Process Rights (42 U.S.C. § 1983)

35. Plaintiff realleges paragraphs 1-29 as if fully rewritten herein.

36. The City's actions reflected an official policy or custom of the City, adopted or ratified by final policymakers, selectively disregarding mandatory provisions of Ordinance No. O-2023-015, as evidenced by repeated post-expiration accommodations, agenda placements, and refusals to revoke the certificate despite actual knowledge of statutory violations.

37. Plaintiff was deprived of her entitlement to open a liquor store as the only truly qualified applicant in her zone without notice or hearing.

38. The City provided no procedure to challenge its refusal or selective enforcement upon notification of its error, declining to investigate and merely asserting that it would "vigorously defend" its arbitrary and capricious actions. Thus the City provided no notice, hearing, appeal mechanism, or written decision addressing Plaintiff's entitlement, and no post-deprivation remedy capable of correcting the City's refusal to enforce its own mandatory ordinance.

39. This conduct was arbitrary, capricious, and conscience-shocking, violating the Fourteenth Amendment, and entitling the Plaintiff to relief.

**COUNT III – Equal Protection (Class of One)**

40. Plaintiff realleges paragraphs 1-29 as if fully rewritten herein.

41. Plaintiff was similarly situated to Applicant No. 1, as an applicant for a liquor license in Zone 3. Plaintiff and Applicant No. 1 were subject to the same ordinance, evaluated under the same criteria, competing for the same certificate in the same zone, and differentiated only by the City's selective non-enforcement.

42. The City treated Plaintiff differently without rational basis, strictly enforcing rules against Applicants 2-4 while excusing Applicant No. 1 from compliance.

43. This conduct was arbitrary, capricious, and conscience-shocking, violating the Fourteenth Amendment, and entitling the Plaintiff to relief.

## COUNT IV – Equitable Estoppel (Tennessee Law)

44. Plaintiff realleges paragraphs 1-29 as if fully rewritten herein.

45. The City represented, through the ordinance, that it would require that an applicant had legal control of the property throughout the application process.

46. The City represented, through its Ordinance, that certificates would lapse upon noncompliance.

47. The representations on which Plaintiff relied were made through duly enacted ordinances, official certificates, and formal communications by City officials acting within their apparent authority.

48. Plaintiff reasonably relied to her detriment upon the City's representations.

49. Equity bars the City from denying Plaintiff relief.

## COUNT V – Declaratory Relief

50. Plaintiff incorporates all foregoing paragraphs as if fully rewritten herein and respectfully requests that the Court, :

A. Declare that the City violated Plaintiff's constitutional rights;

B. Declare Applicant No. 1's certificate void;

C. Declare the Plaintiff as the sole qualified applicant under the terms of the Ordinance;

## COUNT VI: Preliminary and Permanent Injunction

51. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein and seeks, preliminarily and permanently, that the City be enjoined from allowing

Applicant No. 1 or any other similarly situated applicant who failed to comply with Ordinance No. O-2023-015 to operate a retail package store in Zone 3, under Rule 65 of the Rules of Civil Procedure.

52. Plaintiff meets the requirements for an injunction as a) she will suffer irreparable harm that cannot be cured by money damages absent injunction; b) she is likely to succeed on the merits; c) the balancing of the equities favors injunctive relief; d) and the public interest favors relief, as the City should not arbitrarily and capriciously ignore its own ordinance.

## PRAYER FOR RELIEF

Wherefore, having fully pleaded her cause, Plaintiff requests declaratory relief, injunctive relief, compensatory damages, attorney's fees under 42 U.S.C. § 1988, and all other appropriate relief, including an order compelling the City to comply with Ordinance No. O-2023-015 in a nondiscriminatory manner.

Respectfully submitted,

s/*Robert F. Croskery*
Robert F. Croskery
Tn Bar 040689
Croskery Law Offices (main office)
The Highland Towers, No. 2200
1017 Celestial Street
Cincinnati, OH 45202
rcroskery@croskerylaw.com
(513)232-5297
Fax (513)426-7372