**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| **JESSICA STRODE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **No. 3:25-CV-00611** |
| **CITY OF SEVIERVILLE, TENNESSEE** | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT OF DUSTIN SMITH

I, Dustin Smith, after being duly sworn, hereby state and depose as follows:

1. My name is Dustin Smith. I am over the age of 18 years, am competent to testify and have personal knowledge of the facts stated herein.

2. I am currently the City Administrator of the City of Sevierville, Tennessee (the "City"). I began my tenure with the City in the Planning Department and was appointed Deputy City Administrator for the City in January of 2023. On January 6th, 2025, I was appointed to replace long term City Administrator Russell Treadway upon his retirement.

3. In October of 2023, the City enacted Ordinance No. O-2023-015 after voters in a May 2023 municipal election voted to allow retail package stores within the corporate limits of the City. A true and correct copy of Ordinance No. O-2023-015 is attached hereto as Exhibit 1.

4. On November 20, 2023, the Board of Mayor and Aldermen of the City (the "BMA") adopted a resolution, Resolution R-2023-014, adopting administrative procedures authorized under Ordinance No. O-2023-015 for implementing an application and selection process for issuance of certificates of compliance for retail package stores in the City. A true and correct copy

of Resolution R-2023-014 is attached as Exhibit I to the City's Answer in this case. Resolution R-2023-014, among other things, provided the following:

(i) A limited number of stores - one store per each of five (5) geographic zones;
(ii) Applicants could only apply for one store on one site in one zone;
(iii) No more than one application for one store was allowed to be considered for any piece of property;
(iv) The application process required all applications to be received during the time period from 8:00 a.m. on December 11, 2023 through 5:00 p.m. on December 29, 2023;
(v) No applications were considered complete until all required information had been submitted and the application fee had been paid;
(vi) A lottery from which applicants would be chosen in numeric order with the first applicant drawn in each geographic zone assigned the number "1" and successive applicants drawn in the lottery assigned successive numbers;
(vii) The lottery was scheduled to be conducted on January 8, 2024 at 2:00 p.m. in Council Chambers at the Sevierville Civic Center; and
(viii) Once an applicant for a Certificate of Compliance (the "Certificate") in a particular zone was approved, no other applicant would be considered for that zone.

5. The lottery process was designed to first select an order in which each applicant's application would be reviewed and considered. As Assistant City Administrator, I was part of the staff that reviewed the application of the first applicant drawn in each zone, and if that applicant qualified for the Certificate, the other applicants in that zone were not vetted. If applicant No.1 was determined not to be qualified, the review staff would then proceed to review applicant No. 2's application.

6. The applications were to be submitted electronically through a portal provided by the City: www.seviervilletn.org/retailpackagestore. The portal contained the Retail Package Store Online Application Process and the Retail Package Store Certificate of Compliance Application. A true and correct copy of the Retail Package Store Online Application Process and Retail Package Store Certificate of Compliance Application is attached hereto as Exhibit 2. The first page of the

Retail Package Store Online Application Process contained application instructions which, among other things, made it clear that the documents required to be submitted within the initial application time period between 8:00 a.m. on December 11, 2023 through 5:00 p.m. on December 29, 2023 were the "proof of right to possess the premises" and "copies of government-issued IDs." Other documents were not required to be provided until January 15, 2024.

7. Zone 3 is the zone in which KARS, LLC, the successful applicant, and Plaintiff, Jessica Strode, were applicants, along with three others. The lottery draw in Zone 3 resulted in the following.

No. 1. KARS, LLC

No. 2. Clay Jackson Leatherwood, John Patrick Edwards

No. 3. Tanak Patel

No. 4. Pratik Patel

No. 5. Jessica Strode

8. In Zone 3, Applicant No. 1 was KARS, LLC, and it was determined by the staff review that KARS, LLC's application was complete and qualified it for issuance of the Certificate. Therefore, none of the other applicants' applications were formally reviewed and vetted.

9. The reviewing staff recommended that KARS, LLC be submitted for approval by the BMA, and the BMA approved the issuance of the Certificate at its February 12, 2024 meeting. A true and correct copy of the Certificate issued to KARS, LLC is attached hereto as Exhibit 3.

10. Ordinance No. O-2023-015 provides in pertinent part at Section 8-315(4):

> (4) Time period for action. Any applicant or applicant group who has obtained a certificate of compliance as provided herein, must unless an extension is granted by the Board of Mayor and Aldermen within 12 months, open a retail package store in the city or said certificate will be revoked by the passage of this amount of time and a certification thereof will be sent to the Tennessee Alcoholic Beverage Commission.

11. The right to grant extensions authorized in § 8-315(4) is a recognition that in some instances beyond the certificate holder's control the opening of a retail package store within 12 months could be delayed through no fault of that certificate holder and should not be considered an abandonment of the project. One example would be delay in construction. Another example pertinent to this lawsuit is that the certificate holder in this case, KARS, LLC, right to possess was interfered with and led to litigation by KARS, LLC to vindicate its right to possession.

12. The Certificate issued to KARS, LLC on February 12, 2024 would be subject to revocation on February 12, 2025, if KARS, LLC did not open a retail package store on or before that date absent an extension of time allowable under §8-315(4). Prior to February 12, 2025, KARS, LLC requested an extension of time on January 8, 2025, wherein it advised me that it was engaged in litigation (the "KARS, LLC Lawsuit," a true and correct copy of which is attached as Exhibit E to the City's Answer) to vindicate its right to possess the premises. The request for extension for one (1) year to February 12, 2026 was granted by the BMA on January 17, 2025. True and correct copies of the documents evidencing KARS, LLC's request for an extension of time and the City's approval of said request are attached hereto as Collective Exhibit 4.

13. Within the time period of the first extension, the KARS, LLC Lawsuit resulted in a resolution of the issue of KARS, LLC's right to possess the premises when a General Warranty Deed from grantor Betty Ogle to Robert Henderson Development 1, LLC dated July 23, 2025 was recorded in the Sevier County Register of Deeds as Instrument #2502000 solidifying and securing KARS, LLC's continued right of possession of the premises. KARS, LLC and Robert Henderson Development 1, LLC share common owners (see KARS, LLC Lawsuit attached as Exhibit E to the City's Answer). The delay resulting from the KARS, LLC Lawsuit led to KARS, LLC needing to obtain a second extension of time to proceed with construction of the retail package store, and

KARS, LLC requested another extension on July 11, 2025 for a one (1) year extension to February 12, 2027, which the BMA approved at its regularly scheduled meeting on August 4, 2025. True and correct documents evidencing the second request for extension and the City's approval of said extension are attached here to as Collective Exhibit 5.

14. The City's subsequent review of the qualifications of Applicant Nos. 2, 3, 4, and 5 in Zone 3, triggered by publicity over the issues that ultimately led to the filing of the KARS, LLC Lawsuit, revealed that Applicants Nos. 2, 3, and 4 would not have been qualified to receive a certificate because they did not meet the distance requirements from a church and/or school and Applicant No. 5, Jessica Strode, would be deemed unqualified because her application was not complete at the time the application deadline had passed. Ms. Strode's application did not provide the required information as set out in the Retail Package Store Online Application Process and Retail Package Store Certificate of Compliance Application contained in Exhibit 2 hereto. The following required information to deem Ms. Strode's application complete were not timely provided:

- Proof of right to possess the premises
- Copy of government-issued ID
- Personal finance statement
- Credit check for each owner
- Previous two years of tax returns
- Previous three months of bank statements

15. On January 17, 2025, the BMA approved Resolution R-2025-002 amending certain sections of Resolution R-2023-014 to clarify the administrative procedure for dealing with a situation where the holder of a Certificate whose Certificate was issued pursuant to the lottery process is revoked by passage of time as provided in Section 8-315(4) or if the holder of said Certificate abandoned the effort to open a package store. A true and correct copy of Resolution R-2025-002, attached hereto as Exhibit 6, did not repeal or replace Resolution 2023-01, but amended

only the lottery provision discussed above. The City had no legitimate reason to deny KARS, LLC a permit to begin construction of a retail package store, and Resolution R-2025-002 had no impact on any of the other four applicants. However, as discussed above, all of the other four applicants would have been disqualified.

Further Affiant sayeth not.

DUSTIN SMITH

Sworn before me this 16th day of July, 2026.

Notary Public

LINDA E. UNDERWOOD STATE OF TENNESSEE NOTARY PUBLIC SEVIER COUNTY

# ORDINANCE NO. O-2023-015

## AN ORDINANCE TO AMEND TITLE 8 OF THE SEVIERVILLE MUNICIPAL CODE BY ADDING A NEW CHAPTER 3, "RETAIL PACKAGE STORES"

**WHEREAS**, voters in the May 2023 Sevierville Municipal Election voted to allow retail package stores inside the corporate limits of the City; and,

**WHEREAS**, the Board of Mayor & Aldermen conducted several public workshops to receive public input and comment and to discuss the provisions of a new Ordinance.

**NOW, THEREFORE,** be it ordained by the Mayor & Aldermen of the City of Sevierville, Tennessee, that Title 8 of the Sevierville Municipal Code be amended by adding a new Chapter 3, "Retail Package Stores" as set forth in Exhibit A to this Ordinance, providing for the establishment of retail package liquor stores within the City.

This Ordinance shall take effect five (5) days from and after its final passage, the public welfare requiring it.

**APPROVED:** Robbie Fox

**Robbie Fox, Mayor**

**ATTEST:**

Lynn K. McClurg

**Lynn K. McClurg, City Recorder**

**Passed on 1st reading: 09/18/2023**
**Passed on 2nd reading: 10/02/2023**
**Passed on 3rd reading: 10/16/2023**

EXHIBIT
tabbies
1

# CHAPTER 3
# RETAIL PACKAGE STORES

**SECTION**


8-301. Definitions.
8-302. Selling and distributing generally.
8-303. Licenses required for sale of alcoholic beverages at retail.
8-304. Licensee responsible for officers and agents.
8-305. Location of retail package store.
8-306. Limitations on building containing retail package store.
8-307. Restrictions generally.
8-308. Fees.
8-309. Records kept by licensee.
8-310. Inspections generally.
8-311. Enforcement.
8-312. Certificate of compliance.
8-313. Application for certificate of compliance.
8-314. Consideration.
8-315. Restrictions upon issuance.


**8-301. Definitions.** Whenever used in this title, the following terms shall have the following meanings unless the context necessarily requires otherwise:

(1) "Alcoholic beverage." See definition in Section 8-101 of this Code.

(2) "Applicant." A person applying for a certificate of compliance.

(3) "Applicant group." More than one person joining together to apply for a certificate of compliance to operate a single retail package store pursuant to the same application.

(4) "Application." The form or forms or other information an applicant or applicant group is required to file with the city in order to attempt to obtain a certificate of compliance.

(5) "Arterial street." A major thoroughfare designed to carry traffic to and through the City, as designated on the City's Functional Road Classification Plan.

(6) "Certificate of compliance." The certificate required in Tennessee Code Annotated, § 57-3-208, as the same may be amended, supplemented, or replaced.

(7) "Church." A building or property where a congregation meets at least weekly for religious worship services.

(8) "City." The City of Sevierville, Tennessee.

(9) "Co-licensees." Persons who together hold a license for a single retail package store.

(10) "Indirect interest." Any kind of interest in a retail business by way of stock ownership, loan, partner's interest or otherwise.

(11) "Licensee." The holder or holders of a retail package store license issued by the Tennessee Alcoholic Beverage Commission. In the event of co-licensees, each person who receives a certificate of compliance shall be a licensee subject to the rules and regulations herein.

(12) "Person." Person means any natural person as well as any corporation, limited liability company, partnership, firm or association or any other legal entity recognized by the laws of the State of Tennessee.

(13) "Retail package store." The building or part of a building where a licensee conducts any of the business authorized by the state retail package store license held by such licensee.

(14) "Retail sale" or "sale at retail." The sale to a consumer or to any person for any purpose other than for resale.

(15) "School." An institution operated by the Sevier County Board of Education where regular classes are conducted under the supervision of an instructor and taught to persons enrolled in grades pre-kindergarten through the 12th grade.

(16) "State law." All applicable laws, rules, and regulations of the State of Tennessee applicable to alcoholic beverages as now in effect or as they may hereafter be amended, supplemented, or replaced.

**8-302. Selling and distributing generally.** It shall be unlawful for any person to engage in the business of selling or distributing alcoholic beverages within the corporate limits of the city except as provided by state law and this Title.

**8-303. Licenses required for sale of alcoholic beverages at retail.** It shall be lawful for a licensee to sell alcoholic beverages at retail in a retail package store, provided that such sales are made in strict compliance with all federal and state laws, rules and regulations and all the provisions of this Chapter, and provided that such licensee has a valid and duly issued state retail package store license. Transfer of ownership or possession of any alcoholic beverage by a licensee in any manner other than by retail sale is prohibited, except as permitted by state law.

**8-304. Licensee responsible for officers and agents.** Each licensee shall be responsible for all acts of such licensee as well as the acts of a co-licensee, and acts of the licensee's officers, employees, agents, and representatives so that any violation of this chapter by any co-licensee, officer, employee, agent, or representative of a licensee shall constitute a violation of this chapter by such licensee.

**8-305. Location of retail package store.** It shall be unlawful for any licensee to operate or maintain a retail package store in the city unless the retail package store is located in a zone permitting such business. The zoning districts where retail package stores are permitted to be located in the city are as follows: Arterial Commercial (AC) and Tourist Commercial (TCL). No retail package store shall be located within 1,000 feet of any other retail package store, or within 1,000 feet of any church property upon which the primary congregational assembly facility is located, any school, or any public park, or within 1,000 feet from any distillery, as measured along a straight line from the nearest property line of any such establishment to the nearest property line of the property upon which the retail package store is located. A retail package store must be located on property with arterial street frontage and must be visible from that arterial street. No retail package store shall be located where the operation of a retail package store at the premises contemplated by an application would unreasonably interfere with public health, safety, or morals.

**8-306. Limitations on building containing retail package store.** All retail package stores shall be a permanent type of construction in a material and design approved by Board

of Mayor and Aldermen. No retail package store shall be located in a manufactured or other movable or prefabricated type of building. All retail package stores shall have adequate nighttime illumination of the outside of the premises and shall be equipped with a functioning burglar alarm system. The minimum square footage of the retail package store shall be 4,500 square feet and the maximum square footage shall be 10,000 square feet. At least 50% of the square footage shall be showroom. Full, free, and unobstructed vision shall be afforded to and from the street to the interior of the retail package store by way of windows in the front and, to the extent practical, in the sides of the building containing the retail package store. All retail package stores shall be subject to applicable state and city zoning, building, fire, and other codes, including site plan approval by the Planning Commission and issuance of necessary building and sign permits.

**8-307. Restrictions generally.** Licensees shall maintain a minimum wholesale inventory of $500,000 in alcoholic beverages as evidenced by original invoices of all alcoholic beverages bought by the licensee.

**8-308. Fees.** Inspection fees shall be governed by the provisions of Chapter 1 of this Title.

**8-309. Records kept by licensee.** In addition to any records specified by state law, each licensee shall keep on file, at such licensee's retail package store, the following records:

(1) The original invoices of all alcoholic beverages bought by the licensee;

(2) The original receipts for any alcoholic beverages returned by such licensee to any wholesaler;

(3) A current daily record of the gross sales by such licensee with evidence of cash register receipts for each day's sales; and

(4) An accurate record of all alcoholic beverages lost, damaged, or disposed of other than by sale and showing for each such transaction the date thereof, the quantity and brands of alcoholic beverages involved and the method of disposition.

All such records shall be preserved for a period of at least fifteen (15) months unless the City Recorder gives the licensee written permission to dispose of such records at an earlier time. In the event of co-licensees holding a single license, one set of records per retail package store satisfies the requirements of this part.

**8-310. Inspections generally.** The City Administrator, the City Recorder, the Police Chief or the authorized representatives or agents of any of them are authorized to examine the premises, books, papers, and records of any retail package store at any time the retail package store is open for business for the purpose of determining whether the provisions of this chapter are being observed. Refusal to permit such examination shall be a violation of this chapter and shall be reported to the Tennessee Alcoholic Beverage Commission with a request to revoke or suspend the state retail package store license.

**8-311. Enforcement.** In addition to any enforcement provisions in state law, any violation of the terms of this chapter shall be punishable under the general enforcement provisions of this Code.

**8-312. Certificate of compliance.** As a condition precedent to the issuance of a state liquor retailer's license by the state alcoholic beverage commission, the Board of Mayor and Aldermen may authorize the issuance of certificates of compliance by the city according to the provisions of this Chapter.

**8-313. Application for certificate of compliance.** (1) Filing--content. An applicant or applicant group for a retail package store shall file with the city recorder a completed written application on a form to be provided by the City Recorder, which shall contain all of the following information and whatever additional information the Board of Mayor and Aldermen or City Administrator may require:

(a) The name and street address of each person to have an interest, direct or indirect, in the retail package store as an owner, partner, stockholder or otherwise. In the event that a corporation, partnership, limited liability company or other legally recognized entity is an applicant or member of an applicant group, each person with an interest therein must be disclosed and must provide the information on the application provided by the City;

(b) The name of the retail package store proposed;

(c) The address, and or parcel number, of the retail package store proposed and its zoning designation;

(d) A statement that the applicant or applicants who are to be in actual charge of the business have not been convicted of a felony within a ten-year period immediately preceding the date of application and, if a corporation or other entity, that the executive officers or those in control have not been convicted of a felony within a ten-year period immediately preceding the date of the application. Each such applicant or officer or person in control shall obtain and submit with the application a local and national criminal history record obtained from a third party using a multistate criminal records locator or other similar commercial nationwide database with validation;

(e) A statement that the persons receiving the requested license, to the best of their knowledge, if awarded the certificate of compliance could comply with all the requirements for obtaining the required licenses under state law and the provisions of this chapter for the operation of a retail package store in the city;

(f) The agreement of each applicant or each member of an applicant group, as appropriate, to comply with all applicable laws and ordinances and with the Rules and Regulations of the Tennessee Alcoholic Beverage Commission with reference to the sale of alcoholic beverages and the agreement of each applicant or each member of an applicant group as to the validity and the reasonableness of these regulations, inspection fees, and taxes provided in this Title with reference to the sale of alcoholic beverages.

(2) Further documentation. The application form shall be accompanied by a copy of each questionnaire form and other material to be filled out by the applicant or each member of the applicant group and submitted to the Tennessee Alcoholic Beverage Commission in connection with the same application, including but not limited to financial information and the application form shall be accompanied by an electronic copy of a plan giving the following information:

(a) The shape, size, and location of the lot which the retail package store is to be operated under the license;

(b) The shape, size, height, and location of all buildings;

(c) The off-street parking space and off-street loading and unloading space to be provided including the vehicular access to be provided from these areas to a public street.

(3) Signature. The application form shall be signed by each person to have any interest in the retail package store either as an owner, partner, stockholder or otherwise. All signatures shall be notarized.

(4) Misrepresentation--concealment of fact--duty to amend. If any applicant, member of an applicant group, or licensee misrepresents or conceals any material fact in any application form or as to any other information required to be disclosed by this Chapter, such applicant, member of an applicant group, or licensee shall be deemed to have violated the provisions of this chapter and such misrepresentation or concealment shall be reported to the Tennessee Alcoholic Beverage Commission with a request to revoke or suspend the state retail package store license.

(5) Fees. Each application shall be accompanied by a nonrefundable $1,500 fee. One application fee per applicant group is sufficient.

(6) Restrictions on applications. Applicant or applicant groups may only apply for one store on one property in one zone. No more than one application shall be allowed for any one property. Duplications shall be rejected.

**8-314. Consideration.** (1) Number of certificates. No more than 5 certificates shall be issued.

(2) Areas. No more than 1 certificate shall be issued in each of the following zones:

- Zone 1 – SR 66 from north city limits to French Broad River
- Zone 2 – SR 66 from French Broad River to US 411/SR 35 and Forks of the River Parkway to US 441/SR 71
- Zone 3 – SR 35 from west city limits to east city limits
- Zone 4 – Veterans Boulevard (SR 449) from SR 35 to city limits and Collier Drive
- Zone 5 – US 441/SR 71 from Forks of the River Parkway to south city limits

(3) Time to apply. Initial applications will be received from 8:00 AM December 11, 2023, until 5:00 PM December 29, 2023, regardless of postmark.

(4) Applications will be considered in the order they are received. Should more than one application be filed for a particular zone, the Board will determine the applicant to be awarded a certificate of compliance according to procedures adopted by resolution of the Board.

**8-315. Restrictions upon issuance.** (1) Additional certificates of compliance. The Board of Mayor and Aldermen shall refuse to issue a certificate of compliance whenever the number of previously issued and outstanding certificates of compliance equals the number of retail package stores authorized by this chapter. If the number of previously issued and

outstanding certificates of compliance in a zone is fewer than the number authorized for that Zone, the Board of Mayor & Aldermen may in its discretion, direct the City Recorder to conduct an application lottery as set forth in Section 8-314 with such time limits for submission of applications as the Board may determine.

(2) No violation of chapter. No certificate of compliance shall be issued unless a license issued on the basis thereof can be exercised without violating any provisions of this chapter.

(3) Prerequisites of issuance. The Mayor, upon approval of the Board of Mayor and Aldermen, shall not sign any certificate of compliance for any applicant or applicant group until:

(a) Such application has been filed with the City Recorder;

(b) The location stated in the certificate has been approved by the Board of Mayor and Aldermen as a suitable location for the operation of a retail package store; and

(c) The application has been considered and approved at a public meeting of the Board of Mayor and Aldermen.

(4) Time period for action. Any applicant or applicant group who has obtained a certificate of compliance as provided herein must, unless an extension is granted by the Board of Mayor and Aldermen, within twelve months open a retail package store in the city or said certificate will be revoked by the passage of this amount of time and a certification thereof will be sent to the Tennessee Alcoholic Beverage Commission.

EXHIBIT 2

Search...

HOME I WANT TO... RESIDENT BUSINESS VISITOR GOVERNMENT PUBLIC INFO

Electronic Plan Submittal

**Submit** site plans building plans or subdivisions

View Our Zoning Map

View our interactive **zoning map**

Economic Dashboard

View our **economic dashboard**.

Planning Commission

Information on Sevierville **Planning Commission**

Start a Short-Term Rental in Sevierville

Learn how to **Start a Short-Term Rental in Sevierville**

English

# Retail Package Store Online Application Process

***Only applications submitted between 8:00am on December 11, 2023 and 5:00pm on December 29, 2023 will be accepted.***

**Portal Account Setup**

The City of Sevierville accepts all applications via **www.mygovernmentonline.org**. If you need help setting up an account, please call 1-866-957-3764.

Please take the time to download a copy of the **My Government Online Portal Instructions (1.83 MB)**. You may create your free customer portal account by visiting **www.mygovernmentonline.org** and selecting "Create Account" in the upper right corner.

If you need any assistance pertaining to the use of the MyGovernmentOnline software, please call the technical support line at 1-866-957-3764, option 1 for assistance. The agents can assist with any software related questions.

**Application Instructions**

- Login to MyGovernmentOnline with your credentials.
- From the top menu, select "Planning & Zoning" and then "Apply Online".
- Be sure the jurisdiction is set to "Sevierville" and select "Planning and Zoning" from the Project Type drop down menu.
- Click "Next" and then "Get Started on a New Application".
- Select "Retail Package Store Application" from the Application Type drop down and click "Next".
- Physical Address or Location: Enter the address for the proposed store location.
- Applicant's Contact Information: Be sure to click the "Notify" check box next to the email address to receive notifications.
- Owner's Contact Information: Be sure to click the "Notify" check box next to the email address to receive notifications.
- Application Questionnaire: Enter the map/group/parcel number if you have it (required if an address has not been assigned) and check the acknowledgement box.
- File Upload: Upload your documents to the appropriate section. The only documents required in the initial application for the last option related to TABC are the proof of right to possess the premises and copies of government-issued Id's. The remainder of the TABC documents are not required until January 15, 2024.
- Review: On the final screen you will have the option to Save to be completed at a later time or to Submit.
- After submittal, city staff will apply the fee and you will be emailed an invoice. Payments must be paid online.

**Important**

## Planning Deadline

*Items to be considered for action by the Sevierville Planning Commission must be submitted online by 5:00 p.m. 28 days prior to the meeting.*

## Contact Us

**Development Department**

**Corey Divel**
Development Director

**Wendy Toral**
Planner

**Frank Cravens**
Stormwater Manager

120 Gary Wade Blvd
Sevierville, TN 37862
Phone: 865.453.5504

## Planning Commission Meetings

Meeting Schedule: First Thursday of each month at 5:00PM at the Sevierville Civic Center in Council Hall

Please note: submittal and receipt of an application does not constitute verification from the City in any form that the application is complete with the required information. Please review and verify all necessary information and documents have been provided in your application. The City's verification process on the necessary information and conforming criteria will not be completed until after the application period has been closed and the lottery selection process has been completed.

Planning Commission Information

## Department Documents

- Application to Sell Wine in a Retail Food Store Popular
- Approved Tree List Popular
- Development Review Guidelines Popular
- DHO and HZC Zoning Ordinance References Popular
- Downtown Commercial Historic District Design Guidelines Popular
- My Government Online Portal Instructions Popular
- Parks and Recreation Master Plan Popular
- Special Events Ordinance Popular
- SR416 Corridor Study Report - Final Draft Popular
- Stormwater Ordinance Popular
- Subdivision Regulations Popular
- TDOT Driveway Access Standards Popular
- Zoning Ordinance Popular

Back to Top

City of Sevierville

HOME I WANT TO... RESIDENT BUSINESS VISITOR GOVERNMENT PUBLIC INFO

English

# Retail Package Store Certificate of Compliance Application

## The application period has closed and will not be reopened at this time.

Lottery Drawing Results (110 KB)

Ordinance O-2023-015 Retail Package Stores (431 KB)

Resolution R-2023-014 Retail Package Stores (106 KB)

Application for Download (321 KB)

Map of Retail Package Store Zones

Retail stores that desire to obtain a "Retail Package Store License" issued by the Tennessee Alcoholic Beverage Commission (TABC) must first obtain a "City of Sevierville Certificate of Compliance" which is required by Tennessee Code Annotated § 57-3-208. Applicants for this Certificate of Compliance should review the following instructions and procedures:

1. A Certificate of Compliance shall be issued solely to the applicant, whether a person, firm, corporation, joint-stock company, syndicate, or association.

2. An application for a certificate of compliance must be completed on behalf of all of the owner(s) of the applicant. Part One of the application must identify every person having an interest, direct or indirect, in the retail package store as an owner, partner, stockholder, or otherwise. In the event that a corporation, partnership, limited liability company, or other legally recognized entity is an applicant or member of the applicant group, each person with an interest must be disclosed and must provide the information on the application provided by the City.

3. Part Two of the application should be filled out by all individuals identified in Part One and all are required to obtain a criminal background check, described below.

4. Upon submission of the application, the applicant must provide the City with a copy of a background check for each applicant or member of the applicant group using a multistate criminal records locator or other, similar commercial nationwide database with validation. The background check must cover a ten-year period immediately preceding the date of the application. Said background check shall be completed within 30 days preceding the applicant's application for a certificate. **https://www.tn.gov/tbi/article/background-checks**. Be sure to select the Nationwide option.

5. A certificate of compliance is valid only for the applicant or applicant group and cannot be transferred or sold to another person or group.

6. Before an applicant's application for certificate will be authorized, the completed application must include the following:

    a. Part One and Part Two of the Application for Certificate of Compliance completed, signed by the applicant(s), and notarized.
    b. A certified copy of a nationwide background check for each individual listed on the application as being the applicant or member of the applicant group.
    c. An electronic copy of a site plan showing the following: the shape, size, and location of the lot which the retail package store is to be operated; the shape, size, height, and location of all buildings; and the off-street parking space and off-street loading and unloading space to be provided including the vehicular access to be provided from these areas to a public street.
    d. A floor plan indicating the square footage of the proposed store and areas to be used for retail sales and storage, ingress/egress locations, and location of windows.
    e. In lieu of providing copies of information provided to TABC, the applicant shall provide the following information in the initial application:

        - Proof of right to possess of the premises.
        - Government-issued ID, as required, by each owner regardless of percentage ownership.

        **The following information must be submitted prior to January 15, 2024:**

- Personal financial statement for each owner.
- Credit check for each owner.
- Previous two (2) years of tax returns for each owner.
- Previous three (3) months of bank statements for each owner.

f. In order to determine if the location is appropriately zoned, please ensure the address and/or map, group and parcel number provided is the physical address of the establishment.

7. A fifteen hundred ($1,500.00) dollar non-refundable fee per application must be paid when invoiced.

8. *The application period has closed.*

For questions, please email **retailpackagestore@seviervilletn.org**




This map is for reference purposes only. The sole purpose is to assist in the determination of which zone an application is being submitted for and is not a representation of eligible properties.

**Map of Retail Package Store Zones**

Back to Top

# CITY OF SEVIERVILLE

## *CERTIFICATE OF COMPLIANCE*
## RETAIL PACKAGE STORE

This is to certify that,

**KARS, LLC**
**d/b/a The Bottle Shop**
**750 Dolly Parton Pkwy**
**Sevierville, TN 37862**

a store location within the CITY OF SEVIERVILLE, in the COUNTY OF SEVIER, State of Tennessee has made application for a Certificate of Compliance to sell retail alcoholic beverages, pursuant to Tennessee Code Annotated § 57-3-208 and 57-3-213, and that the individual(s),

**Stacy M. Champagne, Managing Member – 25% Interest**
**Harry Richard Lewellyn, Jr., Member – 25% Interest**
**Kirby B. Smith, Member - 25% Interest**
**Robert Alex Davis, Member - 25% Interest**

is in full compliance with the local requirements for such licensure as set forth in T.C.A. § 57-3-208 and 57-3-213:

**1) Specifically, the named individual(s) has provided to the City of Sevierville proof of a background check on the individual(s) who are to be in actual charge of the business, (if a corporation, the executive officers or those in control) showing that all such persons have not been convicted of a felony within a ten-year period preceding the date of this application.**

**2) The applicant(s) has provided documentation establishing that the location of the retail package store complies with all local laws, ordinances, resolutions, and applicable zoning laws in the City of Sevierville.**

**AND**

**3) That the issuance of this license will not exceed the numerical limit for licenses authorized by the City of Sevierville.**

This the 12th day of February, 2024.

EXHIBIT 3

By: [signature] COPY
Robbie Fox, Mayor
CITY OF SEVIERVILLE

[signature]
Lynn K. McClurg
City Recorder

**From:** stacy Champagne <stacychampagnetn@gmail.com>
**Sent:** Wednesday, January 8, 2025 11:20 AM
**To:** Dustin Smith
**Subject:** January 17th Meeting Request

Caution! This message was sent from outside your organization. Allow sender | Block sender | Report

Dustin,

Happy New Year!

I am reaching out on behalf of KARS, LLC regarding our certificate of compliance for a retail package store, which was issued by the City of Sevierville on February 12, 2024. It is my understanding that the Board of Mayor and Aldermen has an upcoming meeting on January 17, 2025. As you are aware, we have been tied up in litigation, and as we work to sort this out, we are formally requesting an extension of six months to begin construction. Please add this entry and formal request to the upcoming calendar. If I can be of any assistance, please don't hesitate to reach out.

Best regards,
Stacy Champagne

EXHIBIT
tabbies
4

**From:** stacy Champagne <stacychampagnetn@gmail.com>
**Sent:** Thursday, January 9, 2025 9:28 PM
**To:** Dustin Smith
**Subject:** January 17th meeting

Caution! This message was sent from outside your organization. Allow sender | Block sender | Report

Dustin,

I am just following up to be sure you received my previous email. If you would please respond to this email so I have confirmation the request has been received by your office.

Thank you,
Stacy

**From:** Dustin Smith
**Sent:** Friday, January 10, 2025 1:25 PM
**To:** stacy Champagne
**Subject:** RE: January 17th meeting

Stacy,

Yes, received and your request will be on the agenda for the 17th.

Thanks,

Dustin Smith
City Administrator
City of Sevierville
865-453-5504

**From:** stacy Champagne <stacychampagnetn@gmail.com>
**Sent:** Thursday, January 9, 2025 9:28 PM
**To:** Dustin Smith <dsmith@seviervilletn.org>
**Subject:** January 17th meeting

Caution! This message was sent from outside your organization. Allow sender | Block sender | Report

Dustin,

I am just following up to be sure you received my previous email. If you would please respond to this email so I have confirmation the request has been received by your office.

Thank you,
Stacy

**BOARD OF MAYOR AND ALDERMEN**
**CITY OF SEVIERVILLE, TENNESSEE**
**January 17, 2025**

A special called meeting of the Board of Mayor and Aldermen of the City of Sevierville, Tennessee, was held at the Sevierville Civic Center, 130 Gary Wade Boulevard, Sevierville, Tennessee, on January 17, 2025 at 1:00 PM.

**Present and participating at the meeting:**
Robbie Fox, Mayor
Wayne Helton, Alderman
Devin Koester, Vice Mayor
Travis L. McCroskey, Alderman
Joey Ohman, Alderman
Mitch Rader, Alderman

**Senior Staff present:**
Tracy Baker, Asst. City Administrator
Corey Divel, Development Director
Keith Malone, Water & Sewer Director
Joseph Manning, Police Chief
Lynn McClurg, Chief Financial Officer/City Recorder
Ed Owens, City Attorney
Patrick Oxley, Parks & Recreation Director
Bob Parker, Golf Director
Dustin Smith, City Administrator
Doug Tarwater, Public Works Director
Brian Wagner, Information Services Director

Mayor Fox chaired the meeting with Lynn K. McClurg as secretary of the meeting.

**PUBLIC FORUM**

Mayor Fox opened the public forum section of the meeting. Fox recognized Jeff Murrell, who spoke on behalf of Tejas (TJ) Patel and requested approval of a twelve-month extension to the time requirement for opening a retail package store after receiving the certificate of compliance for zone 2 on February 12, 2024. Murrell detailed Patel's property acquisition and progress toward construction.

Mayor Fox recognized Brian Delius, who spoke on behalf of Elizabeth Simonis and requested that the extension for zone 2 be denied and that eligibility for the certificate of compliance for that zone pass to Ms. Simonis as the next applicant drawn in the lottery. There being no further comments, the public forum was closed.

**OLD BUSINESS**

Mayor Fox recognized Dustin Smith, who presented a request on behalf of the owners of East Ridge Liquor for a twelve-month extension to the time requirement for opening a retail package store after receiving the certificate of compliance for zone 4 on February 12, 2024. Fox stated that the item had been tabled on December 16, 2024. A motion was made by Vice Mayor Koester and seconded by Alderman Rader to remove the item from the table for consideration. Motion carried. A motion was made by Alderman Rader and seconded by Alderman Helton to extend the allowable period for opening the retail package store for one year to February 12, 2026. Motion carried.

Mayor Fox recognized Dustin Smith, who presented a request on behalf Tejas Patel for a twelve-month extension to the time requirement for opening a retail package store after receiving the certificate of compliance for zone 2 on February 12, 2024. A motion was made by Vice Mayor Koester and seconded by

Alderman McCroskey to extend the allowable period for opening the retail package store for one year to February 12, 2026. The Board cautioned that it would need extenuating circumstances to further extend the deadline. Motion carried.

**NEW BUSINESS**

Mayor Fox recognized Dustin Smith, who presented and placed for passage a Resolution R2025-002 to Amend Resolution R2023-014 to Clarify the Intent Regarding Issuance of Certificates of Compliance for Retail Package Stores. Smith noted that the resolution clarifies the process for issuance, specifically related to circumstances where certificates are revoked by passage of time or abandonment of efforts by the holder. A motion was made by Vice Mayor Koester and seconded by Alderman Ohman to approve the resolution amended to change the word "received" to the word "selected" for the third item under the bullet point titled "Lottery". Motion carried.

Mayor Fox recognized Doug Tarwater, who requested approval of task order #4 to the RK&K on-call engineering contract for geotechnical investigation at the Kodak Center in the not-to-exceed amount of $54,147.50. Tarwater detailed that the work will entail geotechnical drilling, shear wave velocity testing, and a site-specific seismic study. A motion was made by Alderman Rader and seconded by Alderman McCroskey to approve the task order as presented. Motion carried.

Mayor Fox recognized Dustin Smith, who presented a request on behalf of KARS, LLC for a twelve-month extension to the time requirement for opening a retail package store after receiving the certificate of compliance for zone 3 on February 12, 2024. A motion was made by Alderman McCroskey and seconded by Alderman Helton to extend the allowable period for opening the retail package store for one year to February 12, 2026. The Board again cautioned that it would need extenuating circumstances to further extend the deadline. Motion carried.

There being no further business to discuss, the meeting adjourned at 1:22 PM.

Approved: Robbie Fox
Robbie Fox, Mayor

Attest: Lynn K. McClurg
Lynn K. McClurg, City Recorder

**ADDENDUM TO THE BOARD AGENDA – AUGUST 4, 2025**

**H. NEW BUSINESS**

12. Consider approval of **extension request for Retail Package Store** – KARS, LLC – Zone 3- *Dustin Smith*

EXHIBIT
tabbies
5

City of Sevierville

## Board Memorandum

**DATE:** **August 4, 2025**

**AGENDA ITEM:** **Consider extension request for Retail Package Store – KARS, LLC – Zone 3**

**PRESENTATION:** Per Ordinance O-2023-015 Section 8-315 "Any applicant or applicant group who has obtained a certificate of compliance as provided herein must, unless an extension is granted by the Board of Mayor and Alderman within twelve months open a retail package store in the city of said certificate will be revoked by the passage of this amount of time and a certification thereof will be sent to the Tennessee Alcoholic Beverage Commission." The twelve-month expiration period for all approved applicants expires on February 12, 2026, per the previously granted extension. This is a request for an extension of an additional twelve-month time frame for the retail package store certificate of compliance issued to Zone 3 located on Dolly Parton Parkway. A letter of request is attached. A resolution has been reached and KARS, LLC is now owner of the property in question.

**REQUESTED ACTION:** **The pleasure of the Board.**

July 11, 2025

City of Sevierville
Board of Mayor and Aldermen

**RE: Agenda Item for Consideration at the Next Upcoming Meeting**

KARS, LLC respectfully submits a request for an extension of time to complete the build-out at the licensed location of 750 Dolly Parton Parkway. KARS, LLC is requesting a 12-month extension beyond the currently allotted timeframe. As this board is aware, KARS, LLC has encountered unforeseen impediments that have hindered its progress which we have diligently continued to work through. However, as we submit this request, we believe that a resolution is imminent allowing our progress to continue pursuant to the approval of this request. Thank you for your time and consideration.

Sincerely,

Stacy Champagne
KARS, LLC Mbr

**BOARD OF MAYOR AND ALDERMEN**
**CITY OF SEVIERVILLE, TENNESSEE**
**August 4, 2025**

A regular meeting of the Board of Mayor and Aldermen of the City of Sevierville, Tennessee, was held at the Sevierville Civic Center, 130 Gary Wade Boulevard, Sevierville, Tennessee, on August 4, 2025 at 6:00 PM.

**Present and participating at the meeting:**
Robbie Fox, Mayor
Wayne Helton, Alderman
Devin Koester, Alderman
Travis L. McCroskey, Alderman
Joey Ohman, Alderman
Mitch Rader, Vice Mayor

**Senior Staff present:**
Tracy Baker, Assistant City Administrator
Corey Divel, Development Director
Matt Henderson, Fire Chief
Keith Malone, Water & Sewer Director
Joseph Manning, Police Chief
Lynn McClurg, Chief Financial Officer/City Recorder
Martha Norris, Convention Center Director
Patrick Oxley, Parks & Recreation Director
Bob Parker, Golf Director
Dustin Smith, City Administrator
Doug Tarwater, Public Works Director

Mayor Fox chaired the meeting with Lynn K. McClurg as secretary of the meeting. A motion was made by Alderman Koester and seconded by Vice Mayor Rader to approve the minutes of the July 21, 2025 meeting and to dispense with the reading. Motion carried.

**PUBLIC FORUM**

Mayor Fox opened the public forum section of the meeting. There being no comments, the public forum was closed.

**REPORTS & COMMUNICATIONS**

The Board noted the following community events:

| | | | |
|---|---|---|---|
| 1. | Coffee Talk | August 19th | Civic Center |
| 2. | Chamber of Commerce Banquet | August 26th | Convention Center |

Mayor Fox recognized Holly Jones, who reviewed successful FY2025 grants.

**NEW BUSINESS**

Mayor Fox recognized Dustin Smith, who presented and placed for passage a Resolution R2025-010 Consenting to the Industrial Development Board of the City of Sevierville, Tennessee, Negotiating and Accepting Payments in Lieu of Ad Valorem Tax with Respect to a Certain Project in the City of Sevierville, Tennessee, and Finding that Such Payments are Deemed to be in Furtherance of the Public Purposes of the Board as Defined in Tennessee Code Annotated Section 7-53-305. Smith detailed that the proposed project is an attainable housing project by Olympus Development Company and will contain 288 apartment units at the corner of London Lane and Veterans Boulevard. A motion was made by Alderman McCroskey and seconded by Vice Mayor Rader to approve the resolution as presented. Motion carried.

Mayor Fox recognized Holly Jones, who requested approval to apply for the following:

- Leary Firefighters Foundation grant for vehicle extrication equipment, $24,966.00; Foundation to purchase equipment and donate;
- Amended Tennessee School Resource Officer grant, now for $675,000.00 (nine officers); amended SCBOE MOU, updated for additional school;
- TDEC State Water Infrastructure (SWIG) Asset Management Plan (AMP) grant; up to $250,000.00 with 25% match;
- Spirit of Blue Foundation grant to fund first aid kits; $8,700.00 with no match;
- Blue Cross Blue Shield Healthy Places grant for playground equipment; 100% of equipment funded with no match; signage requirements;
- Public Entity Partners Property Conservation grant for securities cameras; up to $5,000.00 with 50% match.

A motion was made by Alderman Koester and seconded by Vice Mayor Rader to approve the grant applications as presented and to specifically approve the verbiage associated with the Public Entity Partners grant. Motion carried.

Mayor Fox recognized Matt Henderson, who requested approval of annual uniform purchases from various low quote qualified vendors in amounts not to exceed the total uniform budget. A motion was made by Vice Mayor Rader and seconded by Alderman McCroskey to approve purchases as requested. Motion carried.

Mayor Fox recognized Matt Henderson, who requested approval of the following Fire Department expenditures:

| | | | |
|---|---|---|---|
| • Replacement SCBA Air Bottles | MES | $29,300.00 | Sourcewell #0111824 |
| • Paramedic Courses | Walters State | As budgeted | Prof. services |
| • Firefighter Training | TFACA | As budgeted | Prof. services |

A motion was made by Alderman McCroskey and seconded by Vice Mayor Rader to approve the expenditures as requested. Motion carried.

Mayor Fox recognized Bob Parker, who requested approval of an expenditure for greens aerification with sole source DryJect provider Tennessee Turf Services in the amount of $13,186.00. A motion was made by Alderman Koester and seconded by Alderman Helton to approve the expenditure as presented. Motion carried.

Mayor Fox recognized Joe Manning, who requested approval of the installation of sixty (60) Axon in-car cameras by Dana Safety Supply in amount of $33,000.00 under state contract SWC202-83196. Manning noted that Dana Safety Supply is a certified Axon installer. A motion was made by Alderman Helton and seconded by Alderman McCroskey to approve the expenditure as presented. Motion carried.

Mayor Fox recognized Joe Manning, who requested approval of the purchase of 46 Panasonic Toughbook docking stations for patrol vehicles from Dana Safety Supply in the amount of $31,600.00 under state contract SWC202-83196. A motion was made by Vice Mayor Rader and seconded by Alderman Ohman to approve the expenditure as presented. Motion carried.

Mayor Fox recognized Patrick Oxley, who requested approval of a contract for the City Park Improvement project with low qualified bidder C. Laney & Sons in the amount of $13,570,818.00. Oxley detailed the engineered plan includes five new artificial turf fields, a new concessions stand, a new pavilion and various utility improvements. A motion was made by Alderman Koester and seconded by Vice Mayor Rader to approve the contract as presented. Motion carried.

Mayor Fox recognized Patrick Oxley, who requested approval of an agreement with the Sevier Aquatic Club for use of City aquatic facilities for the 2025/2026 school year. A motion was made by Vice Mayor Rader and seconded by Alderman McCroskey to approve the agreement as presented. Motion carried.

Mayor Fox recognized Doug Tarwater, who requested approval of an addition to the previously awarded Street Paving contract with Charles Blalock & Sons. Tarwater noted that the addition of 411-D mix asphalt will allow City crews to pick up the item and pave the asphalt inhouse, thus reducing the cost. A motion was made by Alderman Helton and seconded by Alderman McCroskey to approve request as presented. Motion carried.

Mayor Fox recognized Keith Malone, who requested approval of a contract with proprietary vendor 120 Water for software to enable lead and copper inventory, testing and sample tracking in the total amount of $49,017.70 payable over two years ($26,017.70, $23,000.00). A motion was made by Alderman Ohman and seconded by Alderman Koester to approve the purchase as presented. Motion carried.

Mayor Fox recognized Dustin Smith, who presented a request on behalf of KARS, LLC for a second twelve-month extension to the time requirement for opening a retail package store after receiving the certificate of compliance for zone 3 on February 12, 2024. The request detailed that previous property acquisition challenges have been resolved. A motion was made by Alderman McCroskey and seconded by Alderman Ohman to extend the allowable period for opening the retail package store to February 12, 2027. Motion carried.

There being no further business to discuss, the meeting adjourned at 6:23 PM.

Approved: Robbie Fox
Robbie Fox, Mayor

Attest: Lynn K. McClurg
Lynn K. McClurg, City Recorder

## RESOLUTION R-2025-002

## RESOLUTION TO AMEND RESOLUTION NO. R-2023-014 TO CLARIFY THE INTENT REGARDING ISSUANCE OF CERTIFICATES OF COMPLIANCE FOR RETAIL PACKAGE STORES

**WHEREAS,** Resolution No. R-2023-014, titled A RESOLTUION ADOPTING PROCEDURES FOR APPROVING AN APPLICATION AND SELECTION PROCESS FOR CERTIFICATES OF COMPLIANCE FOR RETAIL PACKAGE STORES IN THE CITY OF SEVIERVILLE, was adopted by the Board of Mayor and Alderman on the 20th day of November, 2023; and

**WHEREAS,** the Board of Mayor and Alderman has determined that amendments are necessary to clarify the intent of the process for issuance of Certificates of Compliance; and

**WHEREAS,** the Board desires to amend specific sections of Exhibit A of Resolution No. R-2023-14 while maintaining all other provisions as originally adopted.

**NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF MAYOR AND ALDERMEN OF THE CITY OF SEVIERVILLE, TENNESSEE, THAT:**

**SECTION 1. Amendment of Specific Provisions in R-2023-014-Exhibit A**

1. The bullet point titled Lottery hereby be amended to read as follows:

- Lottery
  - o Should more than one application be received for a zone, the city recorder, or other disinterested third-party as designated by the Board, shall conduct a lottery for such Zone. The first application selected shall be designated No.1 and the process shall continue until all applications for that zone have been selected and numbered. (1 through X)
  - o Should a lottery be required, it shall be held on January 8, 2024, at 2:00 PM in the Council Chambers at the Sevierville Civic Center.
  - o Once an applicant for a license in a particular zone has been approved for a certificate of compliance, no other application will be considered for that zone; provided, however, that if a certificate of compliance approved and issued pursuant to the lottery process set forth herein is revoked by passage of time as provided in Sec. 8-315(4) of the City Code, or if the holder of said certificate of compliance abandons the effort to open a package store, the remaining applications for that zone shall be considered in the order selected through the lottery process, and those applicants shall provide such updated information as may be required by the City Recorder.

EXHIBIT
tabbies
6

**SECTION 2. Superseding Clause**

Any provisions of Resolution No. R-2023-014 that are in conflict with the amendments stated herein are superseded to the extent of such conflict. All other provisions of Resolution No. R-2023-014 shall remain in full force and effect.

This resolution is hereby adopted on the 17th day of January, 2025.

Approved: ______________________
Robbie Fox, Mayor

Attest: ______________________
Lynn K. McClurg, City Recorder