Robert F. Croskery 040689
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE (KNOXVILLE)**

| | | |
|---|---|---|
| **JESSICA STRODE**<br>**Plaintiff,** | : | **CASE NO. 3:25-cv-00611-KAC-DCP** |
| **v.** | : | **PLAINTIFF'S MOTION FOR LIMITED DISCOVERY** |
| | : | **PRIOR TO PRELIMINARY INJUNCTION HEARING** |
| **CITY OF SEVIERVILLE,**<br>**Defendant** | : | |

Plaintiff, Jessica Strode, by and through the undersigned counsel, hereby presents her Motion for Limited Discovery—specifically on the subject of certain publically quoted statements of Deputy Administrator Dustin Smith that appear inconsistent with his affidavit  See accompanying Memorandum.

Respectfully submitted,

/s/ *Robert F. Croskery*
Robert F. Croskery (Tenn Bar #040689)
Attorney for Plaintiff
Croskery Law Offices
The Highland Towers, No. 2200
Cincinnati, Ohio 45202
(513)232-5297
rcroskery@croskerylaw.com

# MEMORANDUM

Plaintiff respectfully moves this Court for leave to conduct limited discovery before the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction. As reflected in Defendant's recently filed affidavits, Defendant now contends that Plaintiff was never entitled to consideration because the City retrospectively determined that her application was incomplete after Applicant No. 1 became embroiled in litigation. Those affidavits also acknowledge that the City undertook a retrospective review of Applicants Nos. 2 through 5.

After Defendant filed those affidavits, Plaintiff located a contemporaneous newspaper article, attached as Exhibit A, published months before this litigation, attributing to Deputy Administrator Dustin Smith the public statement that, if the first site were eliminated, "the opportunity to build a liquor store would pass down to Jessica Strode."

Plaintiff does not offer the article for the truth of the matters asserted therein. Rather, it demonstrates the existence of a contemporaneous public statement that appears to differ somewhat from the position now advanced in Defendant's affidavits and provides a reasonable basis for requesting limited discovery before the preliminary injunction hearing. Because Defendant has elected to rely upon affidavits addressing these issues, limited discovery will assist the Court in resolving the preliminary injunction motion on a fully developed factual record.

Accordingly, Plaintiff respectfully requests leave to conduct narrowly tailored discovery directed to those issues before the evidentiary hearing so that the Court may resolve the pending motion on a complete and accurate factual record.

**CERTIFICATE OF SERVICE**

I hereby confirm that the foregoing document was served upon all parties by placing it on the Court's electronic server for service to all parties on the date time-stamped herein.

Respectfully submitted,

/s/ *Robert F. Croskery*
Robert F. Croskery
Attorney for Plaintiff