**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| **JESSICA STRODE,** | **)** | |
| **Plaintiff,** | **)** | |
| **v.** | **)** | |
| | **)** | **No. 3:25-CV-00611** |
| **CITY OF SEVIERVILLE, TENNESSEE** | **)** | |
| **Defendant.** | **)** | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LIMITED DISCOVERY PRIOR TO PRELIMINARY INJUNCTION HEARING**

Defendant City of Sevierville, Tennessee (the "City") hereby appears, by and through counsel, and for its Response in Opposition to the Plaintiff's Motion for Limited Discovery Prior to Preliminary Injunction Hearing (the "Motion for Limited Discovery") (Doc. 25) states as follows:

**INTRODUCTION**

Relying upon a newspaper article published on April 27-28, 2024, purporting to contain a quoted statement attributable to then Deputy City Administrator Dustin Smith,[1] Plaintiff seeks to take limited discovery claiming that it will assist the Court in deciding the preliminary injunction motion filed by Plaintiff on July 10, 2026. While she is generally entitled to take pretrial deposition testimony in preparation for a trial on the merits, Plaintiff's claim that further testimony of Dustin Smith based upon a statement in a newspaper article is necessary to more fully develop a factual record to purportedly assist the Court in deciding Plaintiff's Motion for Preliminary and Permanent Injunctive Relief is without merit for at least two main reasons.

[1] Dustin Smith is currently City Administrator, having taken that position in January of 2023 (Doc. 21-1, Page ID #250).

First, and most importantly, the issuance of any type of injunctive relief would cause substantial harm to a non-party, namely KARS, LLC, who from the time the lottery was conducted at a called meeting of the City's Board of Mayor and Aldermen (the "BMA") on January 8, 2024 has had a vested interest in the Certificate of Compliance Plaintiff seeks to extinguish by enjoining the City from "issuing, recognizing, or permitting the operation of any retail package store certificate of compliance within District 3 pending final disposition of this action." (Doc. 20, Page ID #209). No discovery whatsoever, limited or otherwise, should be permitted to proceed without KARS, LLC having been joined as a required party. Second, the federal and state claims Plaintiff asserts in her Complaint are as a matter of law without merit as demonstrated in the City's Answer (Doc. 10) and Response in Opposition to Plaintiff's Motion for Preliminary and Permanent Injunction (Doc. 21), which Response is adopted and incorporated herein by reference.

**A. Plaintiff has failed to join a required party, and injunctive relief cannot be granted without non-party, KARS, LLC, being joined to this litigation.**

First and foremost, KARS is a required party who must be joined, and no depositions should go forward without KARS's opportunity to participate. Despite the City having raised in its Answer Plaintiff's failure to join an indispensable or required party, namely KARS, LLC (Doc. 10, ¶ 62, Page ID #111), Plaintiff has never joined KARS. Many months later, Plaintiff is now asking this Court to enjoin the City from "issuing, recognizing, or permitting the operation of any retail package store certificate of compliance within District 3 [.]" (Doc. 20, Page ID #209). The only such certificate of compliance issued in District 3 is issued to KARS. In her Complaint, the Plaintiff asks this Court to declare KARS' certificate "void." (Doc. 1, Page ID #9). Claiming that she has personally observed substantial progress in the construction including the completion of footers and continuing site development of KARS's construction of a liquor store, Plaintiff has

made the focal point of her irreparable harm argument a desire to halt KARS's construction. (Doc. 20, Page ID #214, 222-23).[2]

Plaintiff has known KARS's identity from the outset. Her Complaint names it, attaches its lease and portions of Sevier County Chancery Court pleadings,[3] and the City specifically pleaded in its Answer Plaintiff's failure to join KARS. Moreover, on December 18, 2025, the same date she filed her Complaint, Plaintiff executed an Affidavit she later filed in support of her Motion for Preliminary and Permanent Injunctive Relief stating that "[I]f the City is permitted to continue allowing Applicant No. 1 to proceed under an expired certificate, I will continue to suffer irreparable harm, including loss of a unique business opportunity and continued exclusion from the market." (Doc. 18-1, Page ID #198). Thus, KARS is clearly a required party, and Fed. R. Civ. P. 19(a)(2) directs that required parties "must" be made a party before relief aimed at it may be entertained. At an absolute minimum, no injunctive relief should be entered in any way affecting the interests of KARS who has had no notice and no opportunity to be heard. Fed. R. Civ. P. 65(a)(1), (d)(2).

The harm to KARS is not incidental. The requested injunction would freeze an active construction project and bar the opening of a business operated by KARS under a facially valid Certificate of Compliance. KARS drew first position in a public lottery, submitted a complete and qualified application, litigated for more than a year to protect and ultimately vindicate its contractual rights from third-party interference, and obtained both of its extensions from the BMA in open meetings before any deadline lapsed. (Doc. 21-1, Page ID #252-254, ¶ 7-13; Doc 21-2,

---

[2] Plaintiff continuously refers to KARS, LLC as Applicant No. 1.

[3] The Sevier County Chancery Court pleadings are referred to in the City's Answer (Doc. 10, ¶ 14c; Page ID #99 – 100) as the KARS, LLC Lawsuit.

Page ID #284-286, ¶ 7-13). KARS has maintained its vested right to the Certificate of Compliance issued to it and its right to proceed to build under it.

Considering all of the foregoing, this Court should deny the Motion for Limited Discovery and deny Plaintiff's Motion for Preliminary and Permanent Injunctive Relief for Plaintiff's failure, with full knowledge of KARS's claim of entitlement, to join KARS as a required party.

**B. The federal and state law claims Plaintiff asserts in her Complaint are without merit, and discovery will not save them.**

The second reason that this Court should deny the Motion for Limited Discovery is that the federal and state law claims asserted in Plaintiff's Complaint are as a matter of law without merit, and discovery will not save them. In its Response in Opposition to Plaintiff's Motion for Preliminary and Permanent Injunction, the City has thoroughly briefed the applicable law demonstrating that Plaintiff has no viable procedural due process claims (see Doc. 21, Page ID #233-238), no viable substantive due process claims (see Doc. 21, Page ID #238-239), and no valid "class of one" equal protection claim (see Doc. 21, Page ID #239-240). The same is true for Plaintiff's equitable estoppel claim pled under Tennessee law. (see Doc. 21, Page ID #14-17).

Additionally, Count V of the Complaint (Declaratory Relief) and Count VI (Preliminary and Permanent Injunction) of the Complaint are remedies and not independent claims. Those claims are derivative of the individual causes of action addressed above.

That the Plaintiff disagrees with the City's contention that Plaintiff's Complaint as a matter of law states no viable federal or state law claim is not surprising, but the Court can decide those issues without further discovery of Dustin Smith who Plaintiff alleges made a statement to a staff writer which appeared in a local newspaper. The proffered statement contained in the newspaper article states "**[I]f** the site [the KARS, LLC site at 750 Parkway (Doc. 1-6, Page ID #66)] is eliminated" the "opportunity to build a liquor store would pass to Jessica Strode." (emphasis

added). (Doc. 25-1, Page ID #334). It is not necessary to discuss herein the several other reasons that the proffered statement in the newspaper article attributed to Dustin Smith is insufficient to call for limited discovery, but it is sufficient to note that it is an undisputed fact that the site was not eliminated. That undisputed fact is the whole basis for Plaintiff filing her Complaint in the first instance. The entire legal premise upon which Plaintiff's Complaint rests is based upon the City not eliminating the site by revoking KARS Certificate of Compliance, and whether the City violated or otherwise failed to comply with its own municipal ordinance and/or resolutions in not eliminating KARS's site by revoking its Certificate of Compliance is purely a question of state law and not federal constitutional law. The proffered statement is thus immaterial and not a valid basis for further limited discovery.

## CONCLUSION

For the foregoing reasons, namely that (1) the issuance of injunctive relief would cause substantial harm to non-party KARS, LLC who Plaintiff has failed to join and (2) Plaintiff cannot otherwise show an entitlement to either preliminary or permanent injunctive relief, the Motion for Limited Discovery should not be granted and the Plaintiff's Motion for Preliminary and Permanent Injunction denied.

Respectfully submitted this 10th day of August, 2026.

CITY OF SEVIERVILLE, TENNESSEE

By: /s/John T. Batson, Jr., BPR No. 009890
JOHN T. BATSON, JR, BPR NO. 009890
BRIAN R. BIBB, BPR NO. 031024
Attorneys for Defendant
Watson, Roach, Batson & Lauderback, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
(865) 637-1700
jbatson@watsonroach.com
bbibb@watsonroach.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Robert F. Croskery
Croskery Law Offices
The Highland Towers No. 2200
1017 Celestial Street
Cincinnati, OH 45202
rcroskery@croskerylaw.com

Dated this 10th day of August, 2026.

/s/John T. Batson, Jr., BPR No. 009890
JOHN T. BATSON, JR, BPR NO. 009890
BRIAN R. BIBB, BPR NO. 031024
Attorneys for Defendant
Watson, Roach, Batson & Lauderback, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
(865) 637-1700
jbatson@watsonroach.com
bbibb@watsonroach.com