Robert F. Croskery 040689
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE (KNOXVILLE)**

| | | |
|---|---|---|
| **JESSICA STRODE** **Plaintiff,** | : | **CASE NO. 3:25-cv-00611-KAC-DCP** |
| **v.** | : | **PLAINTIFF'S REPLY BRIEF SUPPORTING HER MOTION** |
| **CITY OF SEVIERVILLE,** **Defendant** | : | **FOR LIMITED EXPEDITED DISCOVERY** |
| | : | |

Plaintiff, Jessica Strode, by and through the undersigned counsel, hereby presents her REPLY BRIEF in support of her Motion for Expedited Discovery. Nothing in the Defendant's Response to the Motion presents a credible reason to deny this reasonable request. See accompanying Memorandum.

Respectfully submitted,

/s/ *Robert F. Croskery*
Robert F. Croskery (Tenn Bar #040689)
Attorney for Plaintiff
Croskery Law Offices
The Highland Towers, No. 2200
Cincinnati, Ohio 45202
(513)232-5297
rcroskery@croskerylaw.com

## MEMORANDUM

Defendant's Response substantially overcomplicates Plaintiff's modest request. Plaintiff does not seek merits discovery, does not seek relief against KARS, LLC through the present motion, and does not ask the Court to resolve disputed facts based upon a newspaper article. She asks only for a brief opportunity to explore a contemporaneous public statement attributed to City Administrator Dustin Smith that appears to differ from the factual position now advanced in Defendant's affidavits.

Defendant offers two principal reasons why even that limited inquiry should not occur: first, that KARS must be joined before any discovery may proceed; and second, that Plaintiff's underlying constitutional claims fail as a matter of law. Neither proposition answers the question presented by this Motion. KARS's potential interest in ultimate injunctive relief does not immunize the City from discovery concerning its own conduct, and Defendant's disagreement with Plaintiff's legal theories does not make relevant factual inquiry unnecessary before the Court conducts an evidentiary hearing.

Indeed, Defendant's Response itself demonstrates the utility of the requested discovery. Defendant now interprets Mr. Smith's reported statement that the opportunity would pass to Jessica Strode "if the site is eliminated" by asserting that

the site was never eliminated. But the meaning and factual basis of Mr. Smith's contemporaneous statement are precisely matters Plaintiff seeks briefly to explore. Defendant should not simultaneously ask the Court to accept counsel's interpretation of what Mr. Smith meant while opposing Plaintiff's request to ask Mr. Smith himself what he meant.

## II. ARGUMENT

### A. KARS's Absence Does Not Preclude Limited Discovery Concerning the City's Own Conduct.

Defendant devotes most of its Response to arguing that KARS is a required party because ultimate injunctive relief might affect KARS's interests. Plaintiff has addressed that contention in her Reply supporting preliminary injunctive relief. But whatever significance Rule 19 may ultimately have for the scope of final or preliminary relief, Defendant identifies no authority establishing that the possible absence of a required party prevents an existing party from conducting narrowly tailored discovery concerning that existing party's own conduct.

The distinction matters. Plaintiff's present Motion does not seek an order directed against KARS, require KARS to produce documents, or compel KARS to testify. It seeks limited discovery concerning statements and actions of City Administrator Dustin Smith and the City's contemporaneous administration of the licensing process. Yet Defendant argues that "no depositions should go forward

without KARS's opportunity to participate" and that no discovery should occur until KARS has been joined. Rule 19 addresses whether adjudication in an absent party's absence may impair that party's interests or prevent complete relief among existing parties. It does not establish a general bar against discovery from parties already before the Court.

Nor would the limited discovery requested adjudicate KARS's rights. At most, it would develop facts relevant to the Court's consideration of Plaintiff's pending preliminary-injunction motion. If the Court ultimately determines that KARS must be joined before particular relief may be entered, that issue can be addressed at the appropriate time. It provides no reason to prevent Plaintiff from asking a City official about the City's own contemporaneous understanding and conduct.

**B. Defendant's Merits Arguments Do Not Eliminate the Need for Limited Factual Development.**

Defendant's second argument merely assumes the correctness of the legal positions it advanced in opposition to Plaintiff's Motion for Preliminary Injunction. Defendant incorporates that earlier briefing and asserts that Plaintiff's due process, equal protection, and state-law theories fail as a matter of law and that "discovery will not save them."

Plaintiff has separately responded to those arguments in her Reply

supporting preliminary injunctive relief and need not repeat that analysis here. The present question is narrower: whether a brief factual inquiry may assist the Court in evaluating the evidence before conducting an evidentiary hearing. Defendant has itself placed the City's factual understanding and administration of the application process at issue through the affidavits submitted with its opposition. Plaintiff merely seeks a reasonable opportunity to test and clarify that evidence.

The City's position would effectively allow a party to submit affidavits addressing disputed factual matters and then foreclose examination of the affiant on the ground that its own legal arguments should prevail regardless. Particularly where extraordinary equitable relief will be determined on a developed factual record, a brief and focused inquiry concerning an apparent discrepancy imposes a minimal burden and assists, rather than impedes, the Court's resolution of the pending motion.

**C. Defendant's Response Confirms Why Mr. Smith's Brief Examination Is Appropriate.**

Defendant's treatment of the newspaper article illustrates precisely why the requested discovery is appropriate. The article attributes to Mr. Smith the statement that, "if the site is eliminated," the opportunity to build a liquor store would pass to Jessica Strode. Defendant responds that "it is an undisputed fact that the site was

not eliminated" and therefore characterizes the statement as immaterial.

But that response assumes rather than resolves the relevant factual inquiry. What did Mr. Smith mean by "eliminated"? What circumstances did he understand would cause Applicant No. 1's site or application to cease qualifying? What facts concerning Applicant No. 1's property rights and continued eligibility were known to City officials when the statement was made? And how did that contemporaneous understanding relate to the City's subsequent review of Applicants Nos. 2 through 5? Plaintiff does not ask the Court to answer those questions from the newspaper article. She merely asks permission to ask Mr. Smith to explain his position.

Indeed, Defendant's assertion that the site was never "eliminated" appears to rest upon the very administrative conduct Plaintiff challenges—the City's decision not to revoke or cease recognizing Applicant No. 1's Certificate of Compliance. Defendant itself describes Plaintiff's theory as challenging whether the City failed to comply with its ordinance and resolutions by not eliminating the site through revocation. The City cannot establish the irrelevance of Mr. Smith's testimony simply by assuming that its challenged course of conduct was legally correct.

The requested discovery remains precisely what Plaintiff originally sought: a narrowly tailored inquiry into a contemporaneous statement by a senior City

official and the factual circumstances underlying it before the Court conducts an evidentiary hearing. Defendant identifies no meaningful prejudice from that limited inquiry. Its Response instead confirms that the parties presently disagree about the meaning and significance of the statement and the City's contemporaneous understanding of the licensing process. Those circumstances favor allowing the brief inquiry, not preventing it.

## III. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant her Motion for Limited Expedited Discovery and permit narrowly tailored discovery concerning the matters identified therein before the preliminary-injunction hearing.

## CERTIFICATE OF SERVICE

I hereby confirm that the foregoing document was served upon all parties by placing it on the Court's electronic server for service to all parties on the date time-stamped herein.

Respectfully submitted,

/s/ *Robert F. Croskery*
Robert F. Croskery
Attorney for Plaintiff