**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| **JESSICA STRODE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **No. 3:25-CV-00611-KAC-DCP** |
| **CITY OF SEVIERVILLE, TENNESSEE** | ) | |
| **and KARS, LLC,** | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANT CITY OF SEVIERVILLE, TENNESSEE**

Defendant City of Sevierville, Tennessee (the "City"), hereby appears, by and through counsel, and in answer to the Plaintiff's First Amended Verified Complaint for Injunctive Relief, Declaratory Judgment, Mandamus, Damages, Costs and Attorney Fees (hereinafter, the "Complaint") responds as follows:

1. Responding to the allegations contained in Paragraph One (1) of the Complaint, the City admits only that the Plaintiff purports to bring this action under the Constitution of the United States (the "Constitution"), 42 U.S.C. §1983, and the Fourteenth Amendment to the Constitution, but it is denied that Plaintiff has stated any claim upon which relief can be granted.

2. Responding to the allegations contained in Paragraph Two (2) of the Complaint, the City admits only that Plaintiff asserts claims that would be subject to the jurisdictional predicate of 28 U.S.C. §1331 and §1343, but for the reasons more fully explained *infra*, the City denies that Plaintiff has stated any claim upon which relief pursuant to the Constitution and 42 U.S.C. §1983 may be granted.

3. Responding to the allegations contained in Paragraph Three (3) of the Complaint, the City denies that Plaintiff has stated any claims that would satisfy the core requirements of the

exercise of supplemental jurisdiction over a state law claim. For all of the reasons more fully explained below, including but not limited to the City's plea for this Court to abstain under the *Burford* abstention doctrine,[1] the City affirmatively avers that supplemental federal jurisdiction of state law claims made in the Complaint must be denied pursuant to 28 U.S.C §1367(c).

4. Responding to the allegations contained in Paragraph Four (4) of the Complaint, the City admits only that venue in this Court would be proper if Plaintiff had properly pled and supported federal claims. For the reasons more fully explained herein, the City affirmatively avers that the Plaintiff has failed to plead and support independent federal claims upon which relief in this Court may be granted.

5. Responding to the allegations contained in Paragraph Five (5) of the Complaint, the City admits on information and belief that Plaintiff Jessica Strode is a Tennessee resident and a citizen of the United States. For further answer to the remaining allegations contained in Paragraph Five (5) of the Complaint, the City admits only that Plaintiff applied for a retail package store certificate of compliance in Zone 3 of the City of Sevierville and was the fifth of five applicants drawn through the City's lottery process, but it is denied that Plaintiff's application was full and complete.

6. The allegations contained in Paragraph Six (6) of the Complaint are admitted.

7. Responding to the allegations contained in Paragraph Seven (7) of the Complaint, the City admits that Defendant KARS, LLC is a Tennessee limited liability company doing business as "The Bottle Shop." The City further admits that KARS, LLC was the first applicant drawn from the lottery in Zone 3 and was given the designation of Applicant No. 1. For further

---

[1] See ***Burford v. Sun Oil Co.***, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

answer, the City affirmatively avers KARS' application was full and complete and entitled it to be issued the certificate of compliance in Zone 3 (hereinafter, the "Certificate").

8. Responding to the allegations contained in Paragraph Eight (8) of the Complaint, the City admits that KARS, LLC claims an interest in the Certificate and in the property located at 750 Dolly Parton Parkway, Sevierville, Tennessee (hereinafter, the "Property").

9. The allegations contained in Paragraph Nine (9) of the Complaint are admitted.

10. The allegations contained in Paragraph Ten (10) of the Complaint are admitted.

11. The allegations contained in Paragraph Eleven (11) of the Complaint are admitted.

12. Responding to the allegations contained in Paragraph Twelve (12) of the Complaint, the City affirmatively avers that Ordinance No. O-2023-015 (the "Ordinance"), a copy of which is attached as Exhibit 1 to the Complaint, is in writing, speaks for itself and contains certain mandatory requirements and certain discretionary requirements. One example of a discretionary decision reserved to the City's Board of Mayor and Aldermen is found in Section 8-315(1) of the Ordinance which in part provides that "[I]f the number of previously issued outstanding certificates of compliance in a zone is fewer than the number authorized for that Zone, the Board of Mayor & Aldermen may in its discretion, direct the City Recorder to conduct an application lottery as set forth in Section 8-314 with such time limits for submission of applications as the Board may determine." Another example of a discretionary decision reserved to the Board of Mayor and Aldermen, pertinent to this case, is found in Section 8-315(4) of the Ordinance which provides that, "[A]ny applicant or applicant group who has obtained a certificate of compliance as provided herein must, ***unless an extension is granted by the Board of Mayor and Aldermen***, within twelve months open a retail package store in the City or said certificate will be revoked by the passage of

this amount of time and a certification thereof will be sent to the Tennessee Alcoholic Beverage Commission." (Emphasis added).

13. Responding to the allegations contained in Paragraph Thirteen (13) of the Complaint, the City affirmatively avers that Section 8-315 of the Ordinance is in writing and speaks for itself. Any interpretation of construction of Section 8-315(3)(b) contained in Paragraph Thirteen (13) of the Complaint inconsistent with or contradicted by the plain an unambiguous language of Section 8-315(3)(b) is in its entirety denied.

14. Responding to the allegations contained in Paragraph Fourteen (14) of the Complaint, the City affirmatively avers that Section 8-315(4) of the Ordinance is in writing and speaks for itself. Any interpretation of construction of Section 8-315(4) contained in Paragraph Fourteen (14) of the Complaint inconsistent with or contradicted by the plain and unambiguous language of Section 8-315(4) is in its entirety denied.

15. Responding to the allegations contained in Paragraph Fifteen (15) of the Complaint, the City affirmatively avers that Resolution R-2023-014 is in writing and speaks for itself, and any interpretation or construction of said Resolution R-2023-014 contained in Paragraph Fifteen (15) of the Complaint inconsistent with or contradicted by the plain language of said Resolution, applying applicable rules of construction, is in its entirety denied. For further answer, it is admitted that a copy of Resolution R-2023-014 is attached as Exhibit 2 to the Complaint.[2]

16. Responding to the allegations contained in Paragraph Sixteen (16) of the Complaint, the City admits only the City exercised its legislative authority in adopting the Ordinance. For further answer, the City affirmatively avers the Board of Mayor and Aldermen of

---

[2] A copy of Resolution R-2023-014 was filed as Exhibit I [Doc. 10-9; #175-177] to the City's Answer to Plaintiff's original Complaint filed on February 5, 2026.

the City acted in an administrative capacity and not in a legislative capacity in granting extensions under Section 8-315(4) of the Ordinance and approving Resolution R-2023-14.[3]

17. Responding to the allegations contained in Paragraph Seventeen (17) of the Complaint, the City admits five applicants submitted applications for the available retail package store certificate of compliance in Zone 3. For further answer, the City affirmatively avers the application submitted by Applicant No. 5, the Plaintiff, was incomplete.

18. The allegations contained in Paragraph Eighteen (18) of the Complaint are admitted.

19. The allegations contained in Paragraph Nineteen (19) of the Complaint are admitted.

20. Responding to the allegations contained in Paragraph Twenty (20) of the Complaint, the City affirmatively avers that KARS, LLC was the first applicant drawn from the lottery, assigned the designation of Applicant No. 1, and awarded the Certificate in Zone 3 after the City determined that KARS' application was full and complete.

21. Responding to the allegations contained in Paragraph Twenty-One (21) of the Complaint, the City affirmatively avers that the lottery process was designed to first select an order in which the first applicant drawn in each zone would be reviewed and concluded, and if that

---

[3] The City's Board of Mayor and Aldermen was acting in an administrative and quasi-judicial capacity, and not in a legislative capacity, when the grants of extensions were made, and the exclusive remedy in such an instance is certiorari review. "A variety of agency decisions not necessarily made in conformity with judicial conventions have been deemed administrative or quasi-judicial decisions reviewable via a petition for writ of certiorari." ***McFarland v. Pemberton***, 530 S.W.3d 76, 104 (Tenn. 2017) See also ***McCallen v. City of Memphis***, 786 S.W.2d 640-41 (holding that decision of city council approving zoning of development was administrative or quasi-judicial and thus reviewable under a common law writ of certiorari… .); ***Rama, Inc. v. City of Chattanooga***, No. E2022-01506-COA-R3-CV, 2023 WL 6532679 at *3 (Tenn. Ct. App. Oct 6, 2023) ("This Court concludes that the City Council was performing an administrative function rather than a legislative one by denying the Special Exceptions Permit [to operate a liquor store], because it applied existing law rather than making new law… .").

applicant qualified for the Certificate, the other applicants in that zone were not considered. Only if the first applicant drawn from the lottery was determined not to be qualified did the review staff then proceed to review the second designated applicant's application.

22. Responding to the allegations contained in Paragraph Twenty-Two (22) of the Complaint, the City affirmatively avers that subsequent informal reviews of the qualifications of Applicant Nos. 2, 3, 4 and 5 in Zone 3 triggered by publicity over the issues that led to the filing of the KARS, LLC Lawsuit, revealed that Applicant Nos. 2, 3, and 4 would not have been qualified because they did not meet the distance requirements from a church and/or school and the application of Applicant No. 5, Plaintiff Jessica Strode, would be required to be rejected from consideration pursuant to Resolution R-2023-014 because her application was not complete at the time the application deadline had passed. Plaintiff's application did not provide the required information discussed below (See Paragraph 23 *infra*).

23. Responding to the allegations contained in Paragraph Twenty-Three (23) of the Complaint, the City affirmatively avers subsequent informal review of Plaintiff's application after the Certificate was duly awarded to KARS, LLC on February 12, 2024, the City reviewed the Plaintiff's application and determined that it was incomplete for failure to provide the following required information as set out as set out in the Retail Package Store Online Application Process[4]

---

[4] The Retail Package Store Online Application Process contains the following important notification and information:

> Important
>
> Please Note: submittal and receipt of an application does not constitute verification from the City in any form that the application is complete with the required information. Please review and verify all necessary information and documents have been provided in your application. The City's verification process on the necessary information and confirming criteria will not be completed until after the application period has been closed and the lottery selection process has been completed.

and Retail Package Store Certificate of Compliance Application, a copy of which is attached hereto as Collective Exhibit 1:

- Proof of right to possess the premises
- Copy of government-issued ID
- Personal finance statement
- Credit check for each owner
- Previous two years of tax returns
- Previous three months of bank statements

24. Responding to the allegations contained in Paragraph Twenty-Four (24) of the Complaint, the City disputes and denies Plaintiff's assertion that Resolution R-2023-014 required that the City review her application before issuing the Certificate to Applicant No. 1, KARS, LLC.

25. Responding to the allegations contained in Paragraph Twenty-Five (25) of the Complaint, the City admits only that at the time its application was submitted, KARS, LLC did not have a fee simple ownership interest in the Property. For further answer and explanation, the City affirmatively avers that proof of fee simple ownership of the property where the liquor store is to be sited is not required. The application process outlined in the Retail Package Store Online Application Process and Retail Package Store Certificate of Compliance Application contemplates that the applicant provide to the City proof of "the right to possess the premises." (See Collective Exhibit 1).

26. Responding to the allegations contained in Paragraph Twenty-Six (26) of the Complaint, the City denies said allegations and adopts, restates and incorporates herein its answer to Paragraph Twenty-Five (25) above. For further answer, the City affirmatively avers that the

---

Based upon this information, Plaintiff was clearly on notice when she submitted her application through the portal that all necessary information and documents needed to be provided to be considered a complete application, and that Resolution R-2023-014 mandated that incomplete applications were required to be rejected.

following items were furnished to it by KARS, LLC as support for KARS, LLC's right to possess the premises:

a. the Ground Lease Agreement entered into between Whaley Properties, Inc. (the "Lessor"), Rocky Top Ford Lincoln, LLC (the "Lessee") and H. Richard Lewellen, Jr. (the "Guarantor") on April 1, 2019 (see Exhibit 3 to the Complaint), and the Letter of Intent between Rocky Top Ford, LLC and KARS, LLC d/b/a The Bottle Shop, a true and correct copy of which is attached hereto as Exhibit 2;

b. a fully executed Memorandum of Leased Premises dated February 16, 2024 recorded in the Sevier County, Tennessee at Bk/PG:6463/120-121, a true and correct copy of which is attached hereto as Exhibit 3;

c. a true and correct copy of the complete lawsuit styled ***KARS, LLC, Robert Henderson Development 1, LLC, Rocky Top Ford Lincoln, LLC v. Ronald W. Ogle, Betty M. Ogle, Whaley Properties, Inc., LD&S TN, LLC, Daniel L. Webb, Lynn T. Webb;*** Sevier County Chancery Court No. 24-5-106 filed May 25, 2024, less the exhibits thereto (hereinafter referred to as the "KARS, LLC Lawsuit"), is attached hereto as Exhibit 4;[5] and

d. General Warranty Deed from Grantor Betty Ogle to Robert Henderson Development 1, LLC dated July 23, 2025 and recorded in the Sevier County

---

[5] This is the same lawsuit referred to *infra* in Paragraph Twenty-Nine (29) of the Complaint to which three excerpted pages are attached as Exhibit 4 thereto. The complete copy of the KARS, LLC Lawsuit (without the exhibits) attached as Exhibit 4 hereto explains that Plaintiffs KARS, LLC, Robert Henderson Development 1, LLC, and Rocky Top Ford, LLC share common owners. (See KARS, LLC Lawsuit, Paragraph 2).

Register of Deeds Office as Instrument #25020004, a true and correct copy of which is attached hereto was Exhibit 5.

27. Responding to the allegations contained in Paragraph Twenty-Seven (27) of the Complaint, the City admits only that the option to purchase provided for an expiration date of April 1, 2024. For further answer, however, the City affirmatively avers that the application process outlined in the Retail Package Store Online Application Process and Retail Package Store Certificate of Compliance Application contemplates that the applicant provide to the City proof of "the right to possess the premises" such right to possess the premises would be satisfied by a lease agreement.

28. In response to the allegations contained in Paragraph Twenty-Eight (28) of the Complaint, the City admits that KARS, LLC did not close on a purchase of the Property contemplated by the option, but it is denied by the City that such failure to purchase in any way affected KARS, LLC's right to possess the premises by a lease agreement.

29. Responding to the allegations contained in Paragraph Twenty-Nine (29) of the Complaint, the City admits and affirmatively avers that KARS, LLC filed the KARS, LLC Lawsuit on May 25, 2024, well before twelve months had passed from the date of the issuance of the Certificate to KARS on February 12, 2024.

30. Responding to the allegations contained in Paragraph Thirty (30) of the Complaint, the City affirmatively avers that the KARS, LLC Lawsuit is in writing and speaks for itself, and any and all allegations contained in Paragraph Thirty (30) of the Complaint contrary to or inconsistent with the plain and unambiguous language of the entirety of the KARS, LLC Lawsuit are denied. For further answer and explanation, the City denies that any rights, legal, equitable or

otherwise, of KARS, LLC, Robert Henderson Development 1, LLC, and/or Rocky Top Ford Lincoln, expired on April 1, 2024.

31. Responding to the allegations contained in Paragraph Thirty-One (31) of the Complaint, the City admits and affirmatively avers that a Memorandum of Leased Premises, dated February 16, 2024, identifying Whaley Properties, Inc. as owner, Rocky Top Ford Lincoln, as landlord, and KARS, LLC as tenant was recorded in the Sevier County Register of Deeds Office at Book BK/PG:6463/120-121. (See Exhibit 3 hereto).

32. Responding to the allegations contained in Paragraph Thirty-Two (32) of the Complaint, the City affirmatively avers the KARS, LLC Lawsuit was filed because subsequent actions by Whaley Properties, Inc. and the other Defendants named in the KARS, LLC Lawsuit, occurring after the Memorandum of Leased Premises was entered into and recorded, resulted in the necessity of KARS, LLC and the other Plaintiff's in the KARS, LLC Lawsuit having to file suit to vindicate their rights. For further answer, the City affirmatively avers Applicant No. 1, KARS, LLC never lost control of the right to possess the Property.

33. The allegations contained in Paragraph Thirty-Three (33) of the Complaint are admitted.

34. The allegations contained in Paragraph Thirty-Four (34) of the Complaint are admitted.

35. The allegations contained in Paragraph Thirty-Five (35) of the Complaint are admitted.

36. Responding to the allegations contained in Paragraph Thirty-Six (36) of the Complaint, the City admits and affirmatively avers that KARS, LLC requested an extension of time permitted under Section 8-315(4) of the Ordinance on January 8, 2025, wherein it advised

the City Administrator that it was engaged in litigation (the KARS, LLC Lawsuit) to vindicate its right to control the Property. The City denies that it has not produced written confirmation of KARS' request for the extension and the reasons for the request. The Plaintiff's own original Complaint, filed on December 18, 2025, contains a copy of the Wednesday, January 8, 2025 e-mail from KARS, LLC's member, Stacy Champagne, to City Administrator Dustin Smith referring to the pending litigation as the basis for a formal request for an extension. (See Doc. 1-7, Page ID# 67). True and correct documents evidencing KARS, LLC's request for an extension as well as the City's approval of said request are attached hereto as Collective Exhibit 6.[6]

37. The allegations contained in Paragraph Thirty-Seven (37) of the Complaint are admitted, and it is affirmatively averred that the request for extension for one (1) year to February 12, 2026 was granted at a special called meeting of the Board of Mayor and Aldermen held on January 17, 2025. See Collective Exhibit 6.

38. The allegations contained in Paragraph Thirty-Eight (38) of the Complaint are admitted.

39. Responding to the allegations contained in Paragraph Thirty-Nine (39) of the Complaint, the City admits and affirmatively avers KARS, LLC requested a second extension of time on July 11, 2025 which the Board of Mayor and Aldermen approved and granted the second extension of time approving a one (1) year extension to February 12, 2027, at its regular meeting on August 4, 2025. True and correct documents evidencing KARS, LLC's second request for an

---

[6] The KARS, LLC Lawsuit was filed on May 25, 2024. (See Exhibit 4 attached hereto and Exhibit 4 to the Complaint). The City's Answer to the original Complaint produced true and correct documents evidencing KARS, LLC's request for an extension as well as the City's approval of said request in Collective Exhibit G to that Answer filed on February 5, 2026. (See Doc. 10-7, PageID: 164-168)).

extension as well as the City's approval of said request are attached hereto as Collective Exhibit 7.[7]

40. Upon information and belief the allegations contained in Paragraph Forty (40) of the Complaint are admitted. It is affirmatively averred that Robert Henderson Development 1, LLC, a limited liability company sharing common owners with KARS, LLC, secured fee simple ownership of the Property by grant of a General Warranty Deed conveyed to it by Betty Ogle and recorded in Sevier County Register of Deeds as Instrument #25020004. (See Exhibit 5 hereto).

41. The allegations contained in Paragraph Forty-One (41) of the Complaint are admitted.

42. The allegations contained in Paragraph Forty-Two (42) of the Complaint are admitted.

43. Responding to the allegations contained in Paragraph Forty-Three (43) of the Complaint, the City is without sufficient knowledge and/or information to form a belief as to the truth and/or accuracy of those allegations, and the same are denied with strict proof demanded thereof if deemed relevant.

44. Responding to the allegations contained in Paragraph Forty-Four (44) of the Complaint, the City admits and affirmatively avers that it did not formally review the applications of Applicants Nos. 2 through 5 because Applicant No. 1, KARS, LLC, had been determined to have submitted a complete and qualifying application.

45. The City denies the allegations contained in Paragraph Forty-Five (45) of the Complaint as written. For further answer, the City affirmatively avers that an informal review of Applicants Nos. 2 through 4 revealed that the location for each applicant clearly did not meet the

---

[7] The City's Anwer to the original Complaint attached the document containing Collective Exhibit 7 when it filed Collective Exhibit H to its Answer filed on February 5, 2026. (See Doc. 10-8, PageID: 169-174).

distance requirements from schools and/or churches. It is denied that the City asserted at any time "that Plaintiff herself would not have qualified for financial reasons." For further answer, the City affirmatively avers that the application documents submitted by Plaintiff were incomplete for failing to provide the following required information:

- Proof of right to possess the premises
- Copy of government-issued ID
- Personal finance statement
- Credit check for each owner
- Previous two years of tax returns
- Previous three months of bank statements

46. Responding to the allegations contained in Paragraph Forty-Six (46) of the Complaint, the City admits only that no administrative hearing was conducted relating to Plaintiff's incomplete application. For further answer, the City affirmatively avers that no administrative proceeding was conducted because Plaintiff's application was incomplete and devoid of required documentation, Resolution R-2023-014, Exhibit A – Application and Selection Process, mandated that incomplete applications be rejected.

47. Responding to the allegations contained in Paragraph Forty-Seven (47) of the Complaint, the City affirmatively avers that the Plaintiff was not entitled to an opportunity to address deficiencies in her application because she failed to properly provide required information before the December 29, 2023 deadline established pursuant to Resolution R-2023-014, Exhibit A - Application and Selection Process, which required (i) no application will be considered complete until ***all required information has been submitted*** and the application fee paid" and (ii) "incomplete applications ***shall*** be rejected." (Emphasis added). Additionally, Resolution R-2023-014, Exhibit A - Application and Selection Process, clearly provided that "once an applicant for a license in a particular zone has been approved for a certificate of compliance, ***no other application***

***shall be considered*** for that zone." (Emphasis added). KARS, LLC possessed a certificate of compliance issued on February 12, 2024 thereby precluding the City from considering Plaintiff's application even if the application had been complete, which it is was not.

48. The allegations contained in Paragraph Forty-Eight (48) of the Complaint are admitted.

49. Responding to the statement contained in Paragraph Forty-Nine (49) of the Complaint, the City affirmatively avers that that statement is not an allegation of fact but rather a conclusory statement to which no answer is required and none is given. To the extent that Paragraph Forty-Nine (49) is construed to be an allegation of fact, it is denied.

50. Responding to the statement contained in Paragraph Fifty (50) of the Complaint, the City affirmatively avers that that statement is not an allegation of fact but rather a conclusory statement to which no answer is required and none is given. To the extent that Paragraph Fifty (50) is construed to be an allegation of fact, it is denied.

51. The allegations contained in Paragraph Fifty-One (51) of the Complaint are denied. For further answer, the City affirmatively avers that the clarification language added by Resolution R-2025-002 provided further review of other applicants' applications only "***if*** a certificate of compliance approved and issued pursuant to the lottery process set forth herein is revoked by the passage of time provided in Sec. 8-315(4) of the City Code, or if the holder of said certificate of compliance abandons the effort to open a package store." (See Resolution R-2025-002 Section 1, lottery provision). KARS, LLC's certificate was never "revoked by the passage of time," and KARS, LLC certainly did not "abandon its efforts to open a package store." To the contrary, KARS, LLC filed the KARS, LLC Lawsuit to vindicate and preserve its rights to open a package store on the Property.

52. The allegations contained in Paragraph Fifty-Two (52) of the Complaint are denied. For further answer, the City affirmatively avers the City administered its Ordinance and Resolutions according to their terms.

53. Responding to the allegations contained in Paragraph Fifty-Three (53) of the Complaint, the City is without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the allegations of certain actions or activities allegedly taken by the Plaintiff allegedly in preparation for operating a retail package store.

54. Responding to the allegations contained in Paragraph Fifty-Four (54) of the Complaint, the City is without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the allegations of certain actions or activities allegedly taken by the Plaintiff allegedly in preparation for operating a retail package store.

55. Responding to the allegations contained in Paragraph Fifty-Five (55) of the Complaint, the City is without sufficient knowledge or information to form a belief as to the truth and/or accuracy of the allegations of certain actions or activities allegedly taken by the Plaintiff allegedly in preparation for operating a retail package store.

56. Responding to the allegations contained in Paragraph Fifty-Six (56) of the Complaint, the City is without sufficient knowledge and/or information to form a belief as to whether Plaintiff undertook the actions alleged in Paragraphs 53, 54 and 55 of the Complaint in preparation for operating a retail package store, and those allegations are denied with strict proof demanded thereof. The City affirmatively avers that KARS, LLC was (i) the first applicant drawn from the lottery for Zone 3, (ii) had a full and complete application, and (iii) was entitled to and was awarded the certificate of compliance for that Zone, all of which precluded the City from considering Plaintiff's application even if the application had been complete, which it was not.

57. The allegations contained in Paragraph Fifty-Seven (57) of the Complaint are admitted.

58. Responding to the allegations contained in Paragraph Fifty-Eight (58) of the Complaint, the City admits only that the City Attorney, Ed Owens, wrote a letter to Plaintiff's attorney dated November 19, 2025 (the "Owens Letter"), a copy of which is attached to the Complaint as Exhibit 10. For further answer, the City affirmatively avers that the Owens Letter is in writing and speaks for itself. The City denies that Plaintiff's claims made in the October 27, 2025 letter from Plaintiff's counsel to the City were not investigated. The City affirmatively avers that the October 27, 2025 letter from Plaintiff's counsel contained multiple misstatements of fact and conclusions of law, several of which misstatements have been pointed out in this Answer. The City denies any and all allegations that KARS, LLC ever lost control of the premises upon which the liquor store is approved to be located.

59. The allegations contained in Paragraph Fifty-Nine (59) of the Complaint are admitted.

60. The allegations contained in Paragraph Sixty (60) of the Complaint are admitted.

61. The allegations contained in Paragraph Sixty-One (61) of the Complaint are admitted.

62. Responding to the allegations contained in Paragraph Sixty-Two (62) of the Complaint, the City adopts and reaffirms its answer to Paragraphs One (1) through Sixty-One (61) of this Answer the same as if restated verbatim herein.

63. Responding to the allegations contained in Paragraph Sixty-Three (63) of the Complaint, the City affirmatively avers that Ordinance O-2023-015 and Resolution R-2023-014 are in writing and speak for themselves. Any and all allegations contained in Paragraph Sixty-

Three (63) of the Complaint inconsistent with or contradicted by the written language of said Ordinance and said Resolution, applying applicable rules of construction, are denied.

64. Responding to the allegations contained in Paragraph Sixty-Four (64) of the Complaint, the City denies that Plaintiff submitted a complete application entitling her to be considered for a certificate of compliance. Resolution R-2023-014 requires that an incomplete application "***shall*** be rejected."

65. The allegations contained in Paragraph Sixty-Five (65) of the Complaint are denied.

66. The allegations contained in Paragraph Sixty-Six (66) of the Complaint are denied.

67. The allegations contained in Paragraph Sixty-Seven (67) of the Complaint are denied.

68. The allegations contained in Paragraph Sixty-Eight (68) of the Complaint are denied.

69. The allegations contained in Paragraph Sixty-Nine (69) of the Complaint are denied. For further answer, the City affirmatively avers that Plaintiff at no time possessed an entitlement for her incomplete application to be reviewed.

70. The allegations contained in Paragraph Seventy (70) of the Complaint are denied.

71. Responding to the allegations contained in Paragraph Seventy-One (71) of the Complaint, the City affirmatively avers that all actions taken by the City were lawful and constitutional. The City affirmatively avers Plaintiff at no time had a cognizable claim under 42 U.S.C. §1983.

72. Responding to the allegations contained in Paragraph Seventy-Two (72) of the Complaint, the City adopts and reaffirms its answers to Paragraphs One (1) through Seventy-One (71) of this Answer the same as if restated verbatim herein.

73. The allegations contained in Paragraph Seventy-Three (73) of the Complaint are denied. For further answer, the City denies any and all allegations, claims, or contentions that there was ever an occurrence of a condition affecting KARS, LLC's continued entitlement to proceed to open a retail package store on the Property.

74. Responding to the allegations contained in Paragraph Seventy-Four (74) of the Complaint, the City denies any and all allegations, claims, or contentions that there was ever an occurrence of a condition affecting KARS, LLC's continued entitlement to proceed to open a retail package store on the Property.

75. Responding to allegations contained in Paragraph Seventy-Five (75) of the Complaint, the City denies that Plaintiff was at any time material entitled to have its incomplete application reviewed.

76. The allegations contained in Paragraph Seventy-Six (76) are denied. For further answer, the City affirmatively avers that at no time were there ever any circumstances or conditions upon which Plaintiffs incomplete application was entitled to review and consideration because (i) KARS, LLC was the first applicant in the lottery for Zone 3 entitled to review and consideration, (ii) KARS, LLC was legitimately issued a certificate of compliance and (iii) pertinent provisions of Resolution R-2023-014 mandated that Plaintiff's incomplete application be rejected.

77. The allegations contained in Paragraph Seventy-Seven (77) of the Complaint are denied. For further answer, the City affirmatively avers that state law provided an adequate state remedy and Plaintiff failed to avail herself of that remedy.

78. Responding to the allegations contained in Paragraph Seventy-Eight (78) of the Complaint, the City affirmatively avers that all actions taken by the City were lawful and

constitutional. The City affirmatively avers Plaintiff at no time had a cognizable claim under 42 U.S.C. §1983.

79. Responding to the allegations contained in Paragraph Seventy-Nine (79) of the Complaint, the City adopts and reaffirms its answers to Paragraphs One (1) through Seventy-Eight (78) of this Answer the same as if restated verbatim herein.

80. The allegations contained in Paragraph Eighty (80) of the Complaint are generally admitted, but it is **denied** that KARS, LLC and the Plaintiff were similarly situated in all material respects.

81. The City denies the allegations contained in Paragraph Eighty-One (81) of the Complaint alleging that any circumstances arose affecting KARS, LLC's ability to proceed under the governing Ordinance. The City affirmatively avers that Section 315(4) of the Ordinance provides the governing framework for revocation of a certificate of compliance only upon the passage of time, which time can be extended by a grant of an extension by the Board of Mayor and Aldermen, acting administratively in its discretionary authority. KARS, LLC requested and received extensions in accordance with the governing Ordinance.

82. Responding to the allegations contained in Paragraph Eighty-Two (82) of the Complaint, the City denies that the circumstances concerning Plaintiff's incomplete application is in any way comparable to the circumstances concerning KARS, LLC's complete and successful application for a certificate of compliance. For further answer, the City denies that the Plaintiff had any qualifications to continue, as her application was void and/or voidable *ab initio* because it was incomplete from the beginning and subject to rejection under applicable provisions of Resolution R-2023-014 mandating that Plaintiff's incomplete application be rejected.

83. The allegations contained in Paragraph Eighty-Three (83) of the Complaint are denied. The City affirmatively avers that Plaintiff and KARS, LLC are not in any material way comparable because (i) KARS, LLC was the No. 1 Applicant and Plaintiff was Applicant No. 5, (ii) KARS, LLC submitted a complete application within the mandatory time deadline and Plaintiff did not, (iii) KARS, LLC was legitimately issued a certificate of compliance precluding review of any of the other Zone 3 applicants, and (iv) KARS, LLC's grant of a certificate of compliance and extensions of time to open up a retail liquor store were clearly authorized by the governing framework contained in the Ordinance and Resolution R-2023-014 while Plaintiff's application was void or voidable from the very beginning of the process. All decisions made by the City were supported by a rational basis.

84. The allegations contained in Paragraph Eighty-Four (84) of the Complaint are denied.

85. The allegations contained in Paragraph Eighty-Five (85) of the Complaint are denied.

86. Responding to the allegations contained in Paragraph Eighty-Six (86) of the Complaint, the City adopts and reaffirms its answers to Paragraphs One (1) through Eighty-Five (85) of this Answer the same as if restated verbatim herein.

87. Responding to the allegations contained in Paragraph Eighty-Seven (87) of the Complaint, the City affirmatively avers that Ordinance O-2023-015 and Resolution R-2023-014 are in writing and speak for themselves and that the City at all times properly and legally applied Ordinance and Resolution R-2023-014, Exhibit A – Application and Selection Process.

88. The allegations contained in Paragraph Eighty-Eight (88) of the Complaint are denied. For further answer, the City affirmatively avers Plaintiff's claim of reasonable reliance is

clearly contradicted by Plaintiff's failure to submit a complete application within the deadline provided in Resolution R-2023-014, Exhibit A – Application and Selection Process.

89. The allegations contained in Paragraph Eighty-Nine (89) of the Complaint are denied. For further answer, the City affirmatively avers Plaintiff's claim of reasonable reliance is clearly contradicted by Plaintiff's failure to submit a complete application within the deadline provided in Resolution R-2023-014, Exhibit A – Application and Selection Process.

90. The allegations contained in Paragraph Ninety (90) of the Complaint are denied. For further answer, the City affirmatively avers Plaintiff's alleged reliance upon the Ordinance and/or Resolution R-2023-014 was in any manner reasonable considering that from the beginning she failed to submit a complete application within the prescribed time period as mandated by Resolution R-2023-014, Exhibit A – Application and Selection Process. The City affirmatively avers that estoppel does not apply against a governmental entity in Tennessee.

91. Responding to the allegations contained in Paragraph Ninety-One (91) of the Complaint, the City adopts and reaffirms its answers to Paragraphs One (1) through Ninety (90) of this Answer the same as if restated verbatim herein.

92. Responding to the allegations contained in Paragraph Ninety-Two (92) of the Complaint, the City denies there is an actual, justiciable controversy existing in this case. For further answer, the City affirmatively avers that Plaintiff has no standing to seek any relief whatsoever in this case because Plaintiff's application was incomplete at the time the application deadline expired thereby rendering the application void or voidable *ab initio.* The City further affirmatively avers that KARS, LLC had at all times material possessed a valid and enforceable certificate of compliance under applicable provisions of the Ordinance.

93. Responding to the allegations contained in Paragraph Ninety-Three (93) of the Complaint, the City denies there is an actual, justiciable controversy existing in this case. For further answer, the City affirmatively avers that Plaintiff has no standing to seek any relief whatsoever in this case because Plaintiff's application was incomplete at the time the application deadline expired thereby rendering the application void or voidable *ab initio.* The City further affirmatively avers that KARS, LLC had at all times material possessed a valid and enforceable certificate of compliance under applicable provisions of the Ordinance.

94. Responding to the allegations contained in Paragraph Ninety-Four (94) of the Complaint, the City denies and disputes the Plaintiff's proffered interpretation of Resolution R-2025-002. For further answer, the City affirmatively avers that Plaintiff's application was void or voidable *ab initio* for the reasons repeatedly stated hereinabove.

95. Responding to the allegations contained in Paragraph Ninety-Five (95) of the Complaint, the City denies that there has existed at any time material a basis for revocation of KARS, LLC's Certificate. The City affirmatively avers that KARS, LLC has at all times material held a valid and irrevocable certificate of compliance. The City further affirmatively avers that Plaintiff lacks standing to seek any remedy or relief in this case whatsoever.

96. The City affirmatively avers that Plaintiff's request for relief contained in Paragraph Ninety-Six (96) of the Complaint is without merit and must be denied for all the reasons set out in this Answer.

97. Responding to the allegations contained in Paragraph Ninety-Seven (97) of the Complaint, the City adopts and reaffirms its answers to Paragraphs One (1) through Ninety-Six (96) of this Answer the same as if restated verbatim herein.

98. Responding to the conclusory statement contained in Paragraph Ninety-Eight (98) of the Complaint, the City affirmatively avers that Ordinance O-2023-015 and Resolution R-2023-014 are in writing and speak for themselves. Any allegation of fact or conclusion of law contained in Paragraph Ninety-Eight (98) of the Complaint contradicted by and/or inconsistent with the language of said Ordinance and said Resolution properly interpreted and applied using applicable rules of construction are denied.

99. Responding to the conclusory statement contained in Paragraph Ninety-Nine (99) of the Complaint, the City affirmatively avers that Ordinance O-2023-015 and Resolution R-2023-014 are in writing and speak for themselves. Any allegation of fact or conclusion of law contained in Paragraph Ninety-Nine (99) of the Complaint contradicted by and/or inconsistent with the language of said Ordinance and said Resolution properly interpreted and applied using applicable rules of construction are denied.

100. The City denies the allegations contained in Paragraph One Hundred (100) of the Complaint.

101. Responding to the conclusory statement contained in Paragraph One Hundred One (101) of the Complaint, the City affirmatively avers that Ordinance O-2023-015 and Resolution R-2023-014 are in writing and speak for themselves. Any allegation of fact or conclusion of law contained in Paragraph One Hundred One (101) of the Complaint contradicted by and/or inconsistent with the language of said Ordinance and said Resolution properly interpreted and applied using applicable rules of construction are denied. The City affirmatively avers that the Ordinance and Resolution R-2023-014 did not require consideration of Plaintiff's application inasmuch as Plaintiff's application was void or voidable under the requirement contained in Resolution R-2023-014 that "incomplete applications ***shall*** be rejected." (Emphasis added).

102. Responding to the conclusory statement contained in Paragraph One Hundred Two (102) of the Complaint, the City affirmatively avers that Ordinance O-2023-015 and Resolution R-2023-014 are in writing and speak for themselves. Any allegation of fact or conclusion of law contained in Paragraph One Hundred Two (102) of the Complaint contradicted by and/or inconsistent with the language of said Ordinance and said Resolution properly interpreted and applied using applicable rules of construction are denied. The City affirmatively avers the Ordinance and Resolution R-2023-014 did not require consideration of Plaintiff's application inasmuch as Plaintiff's application was void or voidable under the requirement contained in Resolution R-2023-014 that "incomplete applications ***shall*** be rejected." (Emphasis added).

103. The allegations contained in Paragraph One Hundred Three (103) of the Complaint are denied.

104. The allegations contained in Paragraph One Hundred Four (104) of the Complaint are denied. For further answer, the City affirmatively avers that Plaintiff had an adequate state law remedy under Tenn. Code Ann. §27-8-101 of certiorari review of the City Board of Mayor and Aldermen's actions taken in approving the Certificate issued to KARS, LLC and/or the two extensions of time. (See footnote 2, *supra* and footnote 8, *infra*).

105. The City denies that Plaintiff is entitled to mandamus relief or any other relief requested in the Complaint for all the reasons set out in this Answer.

106. Responding to the allegations contained in Paragraph One Hundred Six (106) of the Complaint, the City adopts and reaffirms its answers to Paragraphs One (1) through One Hundred Five (105) of this Answer the same as if restated verbatim herein.

107. Responding to the allegations contained in Paragraph One Hundred Seven (107) of the Complaint, the City admits, upon information and belief, that KARS, LLC has been at all times

material proceeding with opening and operating a retail package store in Zone 3 under a valid and enforceable certificate of compliance, there being no basis for revocation of said certificate.

108. Responding to the conclusory allegations contained in Paragraph One Hundred Eight (108) of the Complaint, the City denies that there is a valid legal basis for enjoining KARS, LLC from completing construction and opening and operating a retail package store in Zone 3.

109. The allegations contained in Paragraph One Hundred Nine (109) of the Complaint are denied.

110. The allegations contained in Paragraph One Hundred Ten (110) of the Complaint are denied.

111. Responding to the allegations contained in Paragraph One Hundred Eleven (111) of the Complaint, the City denies that Plaintiff is entitled to injunctive relief or any other relief requested in her Complaint for all the reasons set out in this Answer.

112. The City affirmatively avers that Plaintiff lacks standing to bring this action inasmuch as Plaintiff's application was incomplete and insufficient at the time the application deadline had passed for the reasons set forth in Paragraph Twenty-Three (23) of this Answer. As such, Plaintiff was never a qualified applicant and has no standing to bring this suit.

113. The City affirmatively avers that Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the due process clause of the Fourteenth Amendment. There is no cause of action under federal law premised upon the theory that a governmental entity or governmental actor purportedly failed to comply with provisions of state and local law.[8]

---

[8] The Plaintiff appears to be predicating her due process claims upon the City's supposed failure to follow certain provisions of the Ordinance and Resolution R-2023-014 by approving KARS, LLC's Certificate of Compliance and/or approving two extensions of time for KARS, LLC to open a retail package store on the Property. However, there can be no due process claim where a plaintiff relies on a state actor's failure to comply with state law. The Sixth Circuit in ***Huron Valley Hosp., Inc. v. City of Pontiac***, 887 F.2d 710 (6th Cir. 1989) considered whether a plaintiff could proceed under § 1983 alleging a violation of due process

114. The City further affirmatively avers that, to the extent the Plaintiff seeks to use the due process claim as a conduit to litigate over novel issues of Tennessee law, it is appropriate for this Court to abstain pursuant to ***Burford v. Sun Oil Co.***, 319 U.S.315 (1943).[9]

---

where Michigan officials failed to abide by Michigan statutory requirements in evaluating a hospital's certificate of need application. The Sixth Circuit held:

> Section 1983 authorizes the courts to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" that occur under color of state law. The statute is thus limited to deprivations of *federal* statutory and constitutional rights. It does not cover official conduct that allegedly violates *state* law. *See* ***Baker v. McCollan,*** 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979) (dealing with state tort law). Section 1983 also does not cover state constitutional violations that are not also federal constitutional deprivations.

Id. at 714 (emphasis present in original). The Sixth Circuit held that claims alleging a state actor's negligent noncompliance with state law and procedure would sound under state rather than federal law and could not be remedied under § 1983. ***Id.*** at 716. Plaintiffs may not bring suit under § 1983 based upon the allegation that a state actor failed to abide by state law in effectuating a seizure of property. For example, in ***Neinast v. Bd. of Trustees of Columbus Metro. Library***, 190 F. Supp. 2d 1040 (S.D. Ohio 2002) aff'd, 346 F.3d 585 (6th Cir. 2003), the District Court held:

> Plaintiff's remaining procedural [due process] argument is that the Board exceeded its statutory authority under O.R.C. § 3375.40, which is its authorizing statute. But this is a question of state law, and mere allegations of state law are not sufficient to state a claim under § 1983. ***See Huron Valley Hosp. Inc. v. Pontiac,*** 887 F.2d 710, 714 (6th Cir.1989) (section 1983 "does not cover official conduct that allegedly violates state law"). As Neinast's procedural due process arguments are based not on a constitutional right but on state statutory interpretation, they fail to state a claim upon which relief can be granted under § 1983.

***Id.*** at 1047-48; ***see also Graham v. Tennessee Secondary Sch. Athletic Ass'n,*** No. 1:95-CV-044, 1995 WL 115890, at *3 (E.D. Tenn. Feb. 20, 1995) ("Section 1983 does not apply to official conduct that allegedly violates only state law.").

[9] This Court should abstain under the ***Burford*** abstention doctrine if it involves adjudication of important questions of state law. "When the exercise of federal jurisdiction is so disruptive of state efforts to establish a coherent, unified regulatory policy over a subject of weighty enough importance to the state, the federal court should decline to decide the case." ***William Powell Co. v. Nat'l Indem. Co.,*** 18 F.4th 856, 864 (6th Cir. 2021). "***Burford*** established a discretionary rule of federal abstention that reflects 'principles of federalism and comity.'" ***Id.*** (citing ***Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.***, 621 F.3d 554, 562 (6th Cir. 2010)). *Burford* applies where the matter primarily concerns questions regarding state law. ***Id.*** at 865 (citing ***Tucker v. First Md. Sav. & Loan, Inc.***, 942 F.2d 1401, 1407 (9th Cir. 1991) ("Burford abstention is designed to limit federal interference with the development of state policy. It is justified where the issues sought to be adjudicated in federal court are primarily questions regarding that state's laws.")).

115. The City affirmatively avers that Plaintiff failed to pursue the state law remedy of certiorari review of the City's Board of Mayor and Aldermen's actions taken in approving the Certificate of Compliance and the two extensions of time pursuant to Tenn. Code Ann. §27-8-101, *et seq*., and/or Tenn. Code Ann. §27-9-101, *et seq*. within the prescribed time period set out therein. The City affirmatively avers that certiorari review is the exclusive remedy in this case.[10]

116. To the extent the Plaintiff attempts to maintain any action pursuant to the Tennessee Constitution, it is affirmatively averred that there is no private right of action for damages under the terms of the Tennessee Constitution.

117. To the extent the Plaintiff maintains any claims pursuant to the Tennessee common law, the same are governed by the terms of the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §29-20-101, *et seq*. and are restricted by the immunities contained therein.

---

[10] Plaintiff had the right to seek review via common law certiorari in Tennessee state court. Common law certiorari is the appropriate remedy to review the decision of an administrative official or body making a quasi-judicial or administrative decision. See footnote 5, *supra*. See also ***State ex rel. Moore & Assoc., Inc. v. West***, 246 S.W.3d 569, 575 (Tenn. Ct. App. 2005). A quasi-judicial or administrative decision of a governmental body of official must be challenged by the common law writ of certiorari, and is subject to the time limitations and procedural requirements of that statute. ***Duracap Asphalt Paving Co. Inc. v. City of Oak Ridge***, 574 S.W.3d 859, 864 (Tenn. Ct. App. 2018). A declaratory judgment action is not a substitute for certiorari, but is available only to challenge legislative rather than administrative decisions. ***Duracap***, 574 S.W.3d at 863-871. Plaintiff did not timely seek certiorari review, and has waived her right to obtain judicial review under Tennessee law. A strictly applied sixty day statute of limitations period applies to common law certiorari review, and litigants must comply with specific pleading and verification requirements. ***See Bd. of Prof'l Responsibility of Tennessee Supreme Court v. Cawood***, 330 S.W.3d 608, 609 (Tenn. 2010); ***Blair v. Tennessee Bd. of Prob. & Parole***, 246 S.W.3d 38, 41 (Tenn. Ct. App. 2007). Plaintiff had an ample state remedy available, but chose not to pursue it, and the time to do so has now expired. It may not repair to federal court, seeking to constitutionalize state administrative law and avoid the application of state statute of limitations and procedural requirements. The Complaint itself is deficient. It does not contain the foundational allegation that state remedies were inadequate. Even if the claim were adequately pled, it would be of no avail to Plaintiff because Tennessee's common law writ of certiorari, which permits a stay of the administrative decision through the writ of supersedeas, is an adequate state remedy. ***See Project Reflect, Inc. v. Metro. Nashville Bd. of Pub. Educ.***, 947 F. Supp. 2d 868, 876-77 (M.D. Tenn. 2013); ***Adams v. Galloway***, No. 04-2605-B/AN, 2006 WL 1645252, at *1 (W.D. Tenn. June 8, 2006). Plaintiff cannot meet an essential element of her claim, and her due process claim should be dismissed.

118. To the extent the Plaintiff maintains any claims pursuant to the Tennessee common law, the same are barred by the doctrine of sovereign immunity.

119. The City affirmatively avers that the claims maintained by the Plaintiff are without merit, and this action should be dismissed.

120. The City affirmatively avers that this action fails to state a claim upon which relief can be granted and should be dismissed.

121. The City affirmatively avers that the Complaint is barred by the applicable statute of limitations, Tenn. Code Ann. §27-9-102, on the basis that certiorari review is the exclusive remedy available to the Plaintiff and that the applicable time period expired as to the Board of Mayor and Aldermen's actions in awarding of the Certificate to KARS, LLC and/or granting of extensions of time at the time the Complaint was filed. The City further affirmatively avers that the Complaint is barred in whole or in part by the one year statute of limitations applicable to actions brought pursuant to 42 U.S.C. §1983. See ***Eidson v. State of Tennessee Dep't. of Children's Services***, 510 F.3d 631, 634 (6th Cir. 2007).

122. The City affirmatively avers that the Complaint is barred by the failure of the Plaintiff to mitigate her alleged damages.

123. The City affirmatively avers that it should be awarded its attorney fees pursuant to 42 U.S.C. §1988.

124. To the extent any allegations in this Complaint have not been fully responded to, the same are denied as if explicitly set out herein.

Respectfully submitted this 16th day of October, 2026.

CITY OF SEVIERVILLE, TENNESSEE

By: /s/John T. Batson, Jr., BPR No. 009890
JOHN T. BATSON, JR, BPR NO. 009890
BRIAN R. BIBB, BPR NO. 031024s
Attorneys for Defendant
Watson, Roach, Batson, & Lauderback, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
(865) 637-1700
jbatson@watsonroach.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Robert F. Croskery
Croskery Law Offices
The Highland Towers No. 2200
1017 Celestial Street
Cincinnati, OH 45202
rcroskery@croskerylaw.com

Dated this 16th day of October, 2026.

/s/John T. Batson, Jr., BPR No. 009890
JOHN T. BATSON, JR, BPR NO. 009890
BRIAN R. BIBB, BPR NO. 031024s
Attorneys for Defendant
Watson, Roach, Batson, & Lauderback, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
(865) 637-1700
jbatson@watsonroach.com